CAPRON v. KINGMAN & a.

64  571
68  126

A reservation of " all the roads now established and built on or over " premises conveyed by deed, relates to the easement of public travel, and does not except any portion of the soil from the operation of the deed.

TRESPASS, for breaking and entering the plaintiff's close in Winchester, situated between the travelled track of a highway and the Ashuelot river, and removing therefrom a certain building.

Facts agreed by the parties. The highway in question was laid out in 1832 along the bank of the Ashuelot river on a straight line, and has ever since been used as a public highway. About 1864 the selectmen graded a portion of the land between the travelled track and the river, and nine or ten years ago erected thereon the building in question for a tramp- or watch-house. March 29, 1837, Elijah Alexander conveyed his farm, including the land over which the road was laid, " reserving all the roads now established or built on or over said farm." July 30, 1884, the plaintiff obtained a quitclaim deed of the premises from the heirs of Alexander, upon which title he relies in this suit. The width of the highway is not specified in the record of the laying out, but the north-west line, as there described, is about three and a half rods distant from the river throughout the whole extent. The defendant Kingman, as one of the selectmen of Winchester, and the other defendants acting under his direction, entered and removed the watch-house, which is the trespass complained of.

*H. W. Brigham,* for the plaintiff.

*Batchelder & Faulkner,* for the defendants.

BLODGETT, J. The plaintiff shows no title. The reservation in the conveyance of March 29, 1837, from Alexander to Babcock, of " all the roads now established and built on or over said farm," was a reservation of the easement of public travel, and not of the soil itself; and its only effect therefore was to protect Alexander from liability on the covenants of his deed. The quitclaim from his heirs to the plaintiff consequently vested in the latter no title to the *locus;* and as the town had the prior possession, he cannot maintain this action.

*Judgment for the defendants.*

SMITH, J., did not sit: the others concurred.