IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### FEBRUARY TERM, 1893.

CARTER ET AL. v. THE MAYOR, &c., OF RAHWAY.

An action will not lie because of damages sustained in consequence of a municipal street being out of repair.

In tort. On demurrer to declaration.

Argued at November Term, 1892, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, DIXON and REED.

For the plaintiffs, *Jackson & Coddington.*

For the defendant, *Benjamin A. Vail.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The declaration in this case sets out, in substance, that the plaintiff sustained a personal injury by reason of one of the streets of the city of Rahway being in an unsafe condition. The negligence of the defendant in the performance of a public duty is the essential quality of the right of action.

It has been settled by a long train of decisions in this state that such an action is not maintainable except in cases in which the right can be vindicated by statutory authority. A right of this kind is provided by the twentieth section of the supplement to the Road act (*Rev.*, p. 1014), which in express terms gives an action to any person damaged " by means of the insufficiency or want of repairs of any public road in any of the townships of this state."

In common usage and according to our statutory nomenclature the term " road " denotes a township or county highway. The truth of this observation is manifest from each of the one hundred and eighty-seven sections of the act entitled "An act concerning roads." *Rev.*, p. 1035. Besides, the twentieth section, just referred to, in express terms confines its effect to township roads. It is, consequently, entirely plain that it can have no application to an accident occurring in consequence of a municipal street being out of order.

This action has no footing in law, and the demurrer, therefore, is well put in.

The defendant must have judgment.