MARY L. CARTER AND GEORGE F. CARTER, PLAINTIFFS IN ERROR, v. MAYOR, &c., OF RAHWAY, DEFENDANTS IN ERROR.

1. The twentieth section of the supplement to the Road act, originally approved March 23d, 1859 (*Rev.*, *p.* 1014), which gives an action against certain townships to persons injured by the want of repair of public roads therein, does not impose any liability upon the cities of the state to answer to persons injured by neglect to repair municipal streets.   *Carter* v. *Rahway*, 26 *Vroom* 177, affirmed by a divided court.
2. The eighty-first section of the Road act (*Rev.*, *p.* 990) does not apply to the provisions of the twentieth section of the supplement of March 23d, 1859.

On error to the Supreme Court.

For the plaintiffs in error, *Jackson & Coddington.*

For the defendants in error, *Benjamin F. Vail.*

The opinion of the court was delivered by

MAGIE, J.   The declaration demurred to is grounded upon the neglect of the city of Rahway to keep in repair a public highway in that city, by which want of repair the plaintiff in error was injured.

The Supreme Court applied the well-settled doctrine that a municipality is not subject to such an action unless the liability has been imposed by statute, and held that section 20

of the supplement to the Road act of March 23d, 1859 (*Rev.*, *p.* 1014), which purports to give an action against a township to any person damaged by means of the insufficiency or want of repair of any public road in such township, did not give such an action against a city to a person injured by its neglect to keep in repair the municipal streets. *Carter* v. *Rahway*, 26 *Vroom* 177.

It is now contended that the conclusion reached by the Supreme Court was erroneous, because it did not take into account section 84 of the "Act concerning roads," approved March 27th, 1874 (*Rev.*, *p.* 990), which prescribes that "the term township, made use of in this act, shall be construed to comprehend precinct, ward, city, borough and town corporate." The claim is that the section last named and section 20 of the supplement of 1859 must be read together, and that, when so read, an action is expressly given against a city for an injury received by reason of its permitting municipal streets to be out of repair.

This contention is obviously too broad. The supplement of March 23d, 1859, does not apply to the whole state. It was originally a supplement to the Road act of 1846, and applied only to eleven counties of the state. Some of those counties were subsequently withdrawn from the operation of that supplement, and others, and parts of others, were put within its operation. So, in 1874, it was not applicable to the whole state, but only to parts thereof.

When the Revision of 1874 was made, the supplement of March 23d, 1859, was not included in the Road act, but was expressly continued in force as if re-enacted as a supplement to that act. *Rev.*, *p.* 1013, § 99. The effect was that the supplement of 1859 thereafter continued to be the rule in respect to roads in the counties and parts of counties to which it was previously applicable.

The contention must, therefore, take this shape, viz., that cities, in counties included within the operation of the supplement of 1859, are thereby made liable to such actions as that now under consideration. There can be no possible

ground for contending that cities in other counties are affected by this legislation.

As Union county was affected by the supplement of 1859, and as Rahway is a city in that county, the contention of plaintiff in error must be considered.

The question so presented was not involved in *Pray* v. *Jersey City*, 3 *Vroom* 394 (1868), for although Hudson county was originally within the operation of the supplement of 1859, a further supplement approved February 11th, 1864 (*Pamph. L., p.* 21), had enacted that the provisions of the supplement of 1859 should no longer apply to that county.

Taking into consideration the history of these acts and their plain and obvious intent, I can find no ground on which the contention now made can be supported.

The "Act concerning roads," passed February 9th, 1818 (*Pat. L., p.* 615), contained provisions for the laying out and opening of roads and their maintenance and repair. By a supplement passed February 26th, 1840 (*Pamph. L., p.* 84), provision was made in respect to the maintenance and repair of roads which formed the boundary between townships. Authority was given to apply to the Court of Common Pleas if such townships were in the same county, or to the Supreme Court if such townships were in different counties, for the appointment of commissioners who were empowered to assign the portion of such roads to be maintained and kept in repair by each township. By section 5 of that supplement it was prescribed that the term "township," as used in that act, should be construed to comprehend precinct, ward, city, borough and town corporate. This was the first appearance of this provision in any of the road acts, and it plainly applied only to the previous provisions of that supplement, and extended them to roads dividing and forming the boundary between the other subdivisions named, viz., precincts, &c.

This supplement of 1840 was incorporated bodily in the Road act of 1846, and became sections 48, 49, 50 and 51 of that act. *R. S., p.* 530. Its fifth section became section 51.

Did the inclusion in the revised act of the provision that the term "township" should be synonymous with precinct, ward, city, borough and town corporate, which provision in its original relation affected only roads forming the boundary between those subdivisions of the state, indicate an intent to make the provision applicable to the whole act?

In a case presenting a similar question, that learned jurist, Chief Justice Green, declared that he inclined to the view that when statutes whose meaning is plain are consolidated without change of phraseology, the same construction should be put on the consolidated act as was given to the original statute, and he determined that a different construction ought not to be adopted in such case if thereby the policy of the act is subverted or its material provisions defeated. "The law," said he, "is not to be construed by its mere letter. The intent of the legislature is to be ascertained from the context, the effects and consequence, and the reason and spirit of the law." *In re Murphy*, 3 *Zab.* 180. See, also, *Pomeroy* v. *Mills*, 10 *Stew. Eq.* 578, and *Marts* v. *Cumberland Insurance Co.*, 15 *Vroom* 478. Looking at the provisions of the Road act of 1846, for the laying out and opening and the maintenance and repair of roads in townships, it is impossible to conceive that it was the legislative intent to make those provisions applicable in cities, boroughs or towns corporate. The provisions of section 51 were obviously designed to bear the same relation and have the same operation in the consolidated act that they had in the supplement of 1840, where they originated. In practice, the creation and management of roads in townships were governed by that act, and cities and other municipalities named found their rules respecting highways in their charters.

The act of March 23d, 1859, was a supplement to the Road act of April 18th, 1846. Its twentieth section gave, in general terms, to every person sustaining damage by reason of the insufficiency or want of repairs of any public road in any township, a right of action against the township by its corporate name. But this general provision was, by the twenty-

second section, limited in its effect to the townships included in only eleven counties, for it was thereby enacted that nothing contained in that supplement should apply to the other ten counties.

This supplement became law, therefore, when the definition of the word "township," contained in section 51 of the act of 1846, was limited in its operation and effect to the enactments respecting roads dividing townships and other municipalities which were contained in sections 48, 49 and 50 of that act.

The revised Road act of 1874 contains the provisions of the supplement of 1840, respecting roads dividing townships. The first four sections of that supplement have become sections 61, 62, 63 and 64 of the revised act. The fifth section, which made the term "township" synonymous with precinct, ward, city, borough and towns corporate, was not placed in juxtaposition with the previous sections, but has become section 81 of the revised act. But this change in the collocation of the sections has never been conceived to indicate a legislative intent to make the provisions of the revised act respecting the laying out and opening of roads or their maintenance and repair, apply to cities, boroughs or towns. Those municipalities continued to act under their charters, and no one, I think, can be found to contend for a construction of this legislation which would leave them affected by the Road act.

But the question before us is not as to the effect of the provisions of section 81 upon the other provisions of the Road act, but its effect upon section 20 of the supplement of 1859. Did the legislature, in re-enacting that supplement as a supplement to the revised act of 1874, intend to make cities, boroughs and towns corporate in the counties to which that supplement was applicable, liable to actions for failing to keep in repair their municipal streets? In my judgment, it is manifest that there was no such intent.

The supplement of 1859 provided for the townships in the counties to which it applied, a new mode for maintaining and repairing roads. The scheme differed entirely from that of

the General Road act. There was a reason, therefore, for imposing upon townships which acquired new and increased powers, a new rule of liability in case of negligent failure to exercise those powers. The twentieth section does impose such liability, and in so doing conforms to the plain spirit and intent of the legislation. But cities, towns and boroughs in those counties were not granted any new powers, nor did they acquire, under the system proposed by the supplement of 1859, any new or increased facilities for keeping their streets in repair. They remained with the charter powers they had previously had. It borders on the absurd to contend that it was the legislative intent to impose on them a liability to this class of action, which liability cities, boroughs and towns in other counties were exempt from.

Considering the history and sequence of the acts in question, and looking at their spirit and intent, I find it impossible to give to section 20 of the supplement of 1859 the construction contended for. In my judgment, the provisions of section 81 of the Road act do not apply to the provisions of section 20 of the supplement of 1859.

I shall vote to affirm the judgment.

*For affirmance*—GARRISON, LIPPINCOTT, MAGIE, BROWN, SMITH. 5.

*For reversal*—THE CHANCELLOR, ABBETT DEPUE, VAN SYCKEL, BOGERT. 5.