Godchaux, J., recused.

————o————

## No. 6837.

## WM. HART, ET AL., v. GEO. J. UNTEREINER, ET AL.

### Syllabus.

The plea of *res judicata* must be established beyond all question; doubt is fatal to the plea.

In order to constitute *res judicata* the thing demanded, the cause of action, and the parties of the former suit must be identically the same in the pending suit.

Appeal from the Civil District Court, Parish of Orleans, No. 114,507, Division "A"; Honorable T. C. W. Ellis, Judge. Reversed and remanded.

W. W. Wall, for plaintiff and appellant.

George J. Untereiner, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is an appeal from a judgment maintaining an exception of *res adjudicata*.

The plaintiffs are William Hart and Nylka Land Company.

146

They allege that Matthew Hart and his wife died about seven (7) years ago; that they left three (3) children, issue of their marriage, as their heirs, viz: William Hart, Julia Hart, widow of Paul Spano, and a third child not named; that they left a **lot of ground** bearing the Nos. 2501-03 PERDIDO STREET in this city; that Julia Hart Spano sold her interest in said lot to the Nylka Land Company by an Act dated November 2nd, 1910; that at a sale made on December 16th, 1907, by the City of New Orleans, for taxes for the year 1905, George J. Untereiner, while acting as attorney at law for the *Succession of Matthew Hart and his wife* caused said property to be adjudicated and sold to Edward V. Thomas by an Act dated December 15th, 1908; that on the trial of a suit entitled *Edward V. Thomas v. Nylka Land Company.*, No. 100,835 of the Civil District Court, George J. Untereiner testified substantially that said property was held by him and Thomas for account of the heirs of the said Matthew Hart and wife subject to reimbursement of amounts paid by them. Petitioners pray for judgment against Untereiner and Thomas condemning them to convey to petitioners the above property and for an accounting of the rents.

Untereiner and Thomas joined in the same exception that

> "all the matters and things set forth and charged in the petition herein filed have already been passed upon by the courts of this State and have now passed into and is a thing adjudged."

The exception was sustained and the suit dismissed. Plaintiffs have appealed.

In the suit of *Edward V. Thomas v. Nylka Land Company,* No. 100,835 of the Civil District Court, pleaded as *res judicata,* the plaintiff alleged that he was the owner of

147

the same property No. 2501-03 Perdido Street for having purchased the same at a city tax sale for the year 1905; that the Nylka Land Company had taken possession of said property and claimed to own the same by virtue of a city tax sale for the year 1906; that said tax sale was a nullity for sundry reasons enumerated. He prayd for judgment recognizing him as the owner of said property and for an accounting of the rents and revenues.

The Nylka Land Company answered that it was the owner of the property by virtue of the city tax sale mentioned in plaintiff's petition; that the city tax sale claimed by plaintiff, Thomas, was "a nullity in that no notice of the delinquency of the said tax of 1905 or of the intended sale of said property for said taxes was ever served upon the owners of said property." It prayed that plaintiff's demand be rejected. There was judgment for the defendant, the Nylka Land Company, and Thomas appealed.

The judgment of the District Court was reversed and Thomas recognized as owner.

Article 2286 (2265) of the Civil Code thus defines *res judicata*:

> "The authority of the thing adjudged takes place only with respect to what was the object of the judgment."

> "The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

The plea of *res judicata* must be established beyond all question; a doubt is fatal to the plea. It is *stricti juris*. 9 *M.*, 519; 18 *La.*, 212; 3 *A.*, 532; *West v. Crs.*, 4 *A.*, 451; 5 *A.*, 104; 7 *A.*, 665; 111 *La.*, 197.

In the suit of *Thomas v. Nylka Land Company,* the thing demanded on one side and denied on the other was the validity of plaintiff's title and the nullity of defendant's title, and *vice versa.* In other words it was an issue concerning the validity of the titles held by Thomas and the Nylka Land Company, in which the heirs of Hart were not parties and claimed nothing. Nor does it appear that they knew that Thomas was proceeding for their benefit, or that they assented to his actions. In the present case, the thing demanded is that it be decreed that Thomas purchased the property at the tax sale for account of the heirs of Matthew Hart and wife. That issue was not involved in the first suit nor decided.

To ascertain what is demanded in a particular suit resort must be had to the prayer of the petition. 21*A.,* 355.

A right not put in controversy by the pleadings is not barred by the judgment. 3*R.,* 111.

> "Issues not raised by the pleadings and not necessarily involved in the decision of the cause, are not concluded by the judgment."
>
> 114 *La.,* 549 (553) ; 112 *La.,* 51; 12 *R.,* 327.
>
> "The authority of the thing adjudged takes place only with respect to what was the object of the demand."
>
> 110 *La.,* 270.
>
> "In order that there should be *res judicata* the thing demanded and the cause of action must be the same."
>
> 108 *La.,* 603.
>
> "The exception of the thing adjudged is *stricti juris,* and if there should be any doubt as to the identity of the things claimed, or of the persons claiming them, it cannot be maintained."
>
> 3 *A.,* 529.
>
> "The plea of *res judicata* is without force, unless the object demanded in the former suit was pre-

cisely the same as that demanded in the action pending."

14 *A.,* 363; 30 *A.,* 863.

"The only test as to the effect of a decree is its finality as to the matters embraced in it."

3 *A.,* 203.

"The plea of *res judicata* to a second suit will not be maintained unless it is * * * founded on the same cause of action and on the same demand."

21 *A.,* 355.

"When the principal parties and the thing demanded in two suits are different, the judgment in one cannot be placed as *res judicata* in the other suit."

29 *A.,* 769.

"Whatever may be the doctrine of Courts of other jurisdictions, this Court has uniformly followed the language of the Civil Code, and insisted that, in order to constitute *res adjudicata,* the thing demanded and the object of the judgment must be the same."

118 *La.,* 982.

"An allegation made by a party defendant in answer to a suit, but not considered by the Court or disposed of in the judgment, cannot support the plea of *res judicata* when it is made the basis of a suit by the same party against one of his co-defendants in the previous suit."

35 *A.,* 298.

"A final judgment * * * has the force of *res judicata* as to those questions only that were passed on by judgment."

30 *A.,* 520.

"Where the judgment does not decide certain issues, and this is made manifest by the decree itself, the decision will not support the plea of *res judicata.*"

50 *A.,* 637.

"*Res judicata* does not result   \*    \*    \*    when the thing demanded and passed upon is not the same."

             41 *A.*, 996; 44 *A.*, 258; 40 *A.*, 10.

In the first suit the cause of action was a tax title, in the second suit, an alleged acknowledgment by the defendant, that the property was purchased for the heirs of Hart. At the time of the filing of the first suit the cause of action upon which the second suit was filed had not yet arisen. A judgment in a case in which a cause of action was not alleged because it had then no existence cannot constitute *res judicata*. 40 *A.*, 609.

In the first suit the parties were Thomas and the Nylka Land Company, alone; in this suit William Hart is one of the parties plaintiff. He is clearly not bound by the first judgment. 44 *A.*, 35; 30 *A.*, 520; 111 *La.*, 194; 3 *N. S.*, 293.

But the defendants contend that the Nylka Land Company in its brief before the Court of Appeal in the case of *Thomas v. Nylka Land Company*, and in its application for a writ of review to the Supreme Court from the judgment of the Court of Appeal, and in its assignment of errors, and in its brief before the Supreme Court made the same allegations concerning the testimony of Untereiner as are made in the petition in this case as a ground of reversal of the judgments complained of. This is true. But as to the allegations in the briefs, they were matter of argument and not of pleadings. *Res judicata* is not to be decided by the points raised in arguments, but only by the issues raised in the pleadings. 7 *N. S.*, 430.

As to the allegations in the other documents, they were not considered by the several courts as parts of the issues or pleadings before them and were not decided.

"The principle upon which judgments are held conclusive upon the parties requires that the rule should apply only to that which was directly at issue, and not to every thing which was incidentally brought into controversy during the trial."

1 *Greenl. Ev. C.* 528.

It is therefore ordered that the judgment appealed from be avoided and reversed, that defendants' exception be now overruled and dismissed, and that the case be remanded to the District Court for further proceedings according to law, the defendants to pay the costs of the exceptions herein and of this appeal.

Opinion and decree, January 9, 1917.

Rehearing refused, February 5, 1917.