## Estate of Wm. K. Nimick. Appeal of John W. Chalfant and James J. Donnell.

*Practice, O. C.—Power of court to correct error in decree.*

The orphans' court has discretionary power to correct an error in its decree, or proceedings thereunder, injurious to any of the parties in interest, where it can be done without prejudice to intervening rights.

*Partnership—Deed—Mistake—Orphans' court.*

Under proceedings in the orphans' court the trustee of a deceased partner was directed to convey to the surviving partners real estate the title of which the decedent in his lifetime held in trust for the firm. By mistake the deed was made in form to the surviving partners as tenants in common, and not as surviving partners. The purpose of the proceedings, as shown by the record, was to vest all of the property in the surviving partners for purposes of liquidation, and the conveyance as made placed the real estate in peril of being taken for the individual debts of the partners. *Held*, (1) that the intention of the decree of the court was that the grantees should take the property as partnership, and not as individual property; (2) that the court had power to set aside the deed and direct that a conveyance should be made in proper form.

Argued Nov. 9, 1896.  Appeal, No. 198, Oct. T., 1896, by
John W. Chalfant and James J. Donnell, from decree of. O. C.
Allegheny Co., March T., 1887, No. 219, overruling demurrer
to petition.  Before STERRETT, C. J., GREEN, WILLIAMS, Mc-
COLLUM, MITCHELL, DEAN and FELL, JJ.  .Affirmed.

Petition to set aside deed.

The petition of Charles E. Speer, trustee under the last will
and testament of William K. Nimick, deceased, set forth that
on March 16, 1887, he had presented a former petition, the sub-
stance of which was as follows : that he was one of the trustees
under the will of William K. Nimick, deceased; his cotrustees
being Alexander Nimick and James M. Bailey; that among the
assets of the estate was an interest of William K. Nimick in the
firm of Phillips, Nimick & Company of the nominal value of
$70,510, but, at that date, of no actual value.; that the firm of
Phillips, Nimick & Company had been formed in 1873, and was
composed in 1887 of Alexander Nimick and James M. Bailey,
with the interest of the estate of William K. Nimick remaining
therein; that owing to the depression in business since 1873,
the property of the firm in 1887 was not of greater value than
the obligations against it, and if forced to sale would not sell
for enough to pay the debts ; that amongst the property of the
firm was certain real estate which William Phillips et al., by
deed dated September 12, 1873, recorded in deed book 325,
page 98, conveyed to William K. Nimick, the same being situ-
ated in the thirty-third ward of Pittsburg, and having thereon
the Sligo Mills; that it was for the interest and advantage of
those interested in said firm property that the interest of Wil-
liam K. Nimick, deceased, in the same should be sold in settle-
ment of the said partnership, and that Alexander Nimick and
James M. Bailey, the two surviving partners were willing to
·adjust and settle the affairs of said partnership by the purchase
of said interest at the nominal sum of $1.00 and the assumption
of the debts of said firm ; that by the prayer of said petition the
court had been asked " to order and direct that the petitioner
make a private sale of the interest of Wm. K. Nimick in the
firm of Phillips, Nimick & Company, including his interest in
the real estate above described, to said Alexander Nimick and
James M. Bailey, for the consideration of one dollar and their

agreement to pay the indebtedness of said firm and indemnify said estate from all liability for the same, and that upon payment of said sum and execution of such agreement, your petitioner be authorized to execute and deliver to said Alexander Nimick and James M. Bailey a good and sufficient bill of sale, deed of conveyance and other assurances which may be necessary and proper to convey and assign unto the said Alexander Nimick and James M. Bailey the interest of Wm. K. Nimick in said firm, including the real estate hereinbefore mentioned, and thereby to adjust and settle the partnership business so far as William K. Nimick's estate is interested therein;" that all persons in interest having been duly notified, and having consented thereto, the court, on March 21, 1887, decreed that the interest of William K. Nimick, deceased, in the property and firm of Phillips, Nimick & Company, should be sold to the said James M. Bailey and Alexander Nimick for the sum of $1.00, and the assumption by said Bailey and Nimick as surviving partners of the firm of Phillips, Nimick & Company of the debts of the said firm, then amounting to about $800,000.

The petition further set forth that the petitioner had recently learned that it is now claimed that the deed executed by the said petitioner in carrying out the order of the court conveyed to Alexander Nimick and James M. Bailey an estate in fee simple in the real estate which theretofore had stood in the name of William K. Nimick in trust for the partnership of Phillips, Nimick & Company, and that under and by virtue of said deed said real estate is now held by the said James M. Bailey and Alexander Nimick as tenants in common, and is primarily applicable to the individual debts of the said cotenants instead of the partnership debts of Phillips, Nimick & Company; that said real estate comprised a large part of the assets of Phillips, Nimick & Company and is worth over $600,000; that subsequent to the making of said deed to Nimick and Bailey by petitioner, the said Alexander Nimick, as a member of the firm of Nimick & Company made an agreement with John W. Chalfant, James J. Donnell and Alexander Nimick, trustees for the creditors of the firm of Nimick & Company, and of the members thereof, for the payment of the debts of Nimick & Company, and of the members of said firm, which agreement is dated October 6, 1891, and is

recorded in deed book; vol. 773, page 1; that the said last named trustees claim one half of the real estate hereinbefore mentioned, alleging that under the former proceedings of the court and the deed of said petitioner, Alexander Nimick and James M. Bailey hold as tenants in common and not as partners; that Alexander Nimick is now insolvent, and that if said contention be correct, one half of said real estate may be taken to pay his individual debts; that it was a mutual mistake on the part of said petitioner, James M. Bailey and Alexander Nimick in having said deed prepared in such form as to leave any uncertainty in the plain intent of all the parties.

The prayer of petitioner was that the court direct and authorize the petitioner to correct the evident error and mistake which crept into the deed made by the petitioner to the said James M. Bailey and the said Alexander Nimick so that it should appear plain from the face thereof that all that the petitioner conveyed to said Bailey and Nimick was the undivided interest of the said William K. Nimick in the firm of Phillips, Nimick & Company, and that the real estate of said firm of Phillips, Nimick & Company thereafter was held as partnership and personal property of the firm of Phillips, Nimick & Company, and not by the said James M. Bailey and Alexander Nimick as tenants in common; and that your honors will grant such other and further relief as to equity and justice may pertain.

An amendment of the petition allowed January 18, 1896, contained the following additional averments :

1. That ever since the purchase in 1873, Phillips, Nimick & Company have been in possession and use of the real estate described in the deed from said petitioner to Nimick & Bailey, and the same has always been and is necessary for the partnership purposes of said firm.

2. That Alexander Nimick, one of the trustees of Nimick and Company, and one of the individual members of that firm, is the same Alexander Nimick who was and is a member of the firm of Phillips, Nimick & Company, and who filed an answer to the former petition in this case ; and that the claim now made that said real estate is held by Nimick and Bailey as tenants in common is made by Chalfant and Donnell, two of the trustees of Nimick & Company, and not by Alexander Nimick.

3. That by reason of the facts in the original petition, and

apparent of record in this case, the trustees of Nimick & Company had notice prior to the making of the deed to them dated October 6, 1891, that the real estate conveyed to Bailey and Nimick was partnership property of Phillips, Nimick & Company.

Petitioner added to his petition copies of the deed from himself to Nimick and Bailey, dated April 25, 1887, and of the deed from Alexander Nimick et al. to Chalfant, Donnell and Nimick, dated October 6, 1891.

A demurrer was filed to the petition averring : (1) this honorable court is without jurisdiction to hear and determine the questions raised by said petition, or to afford relief as therein prayed for ; (2) the said petitioner has no standing in this court to maintain his said petition ; (3) the said petition does not set forth or aver any such mistake as entitles the petitioner to the relief prayed for, or to any relief; (4) any decree granting the relief prayed for would affect and impair the rights of third parties, to wit, creditors, based upon the title to the property in said petition mentioned as the same appears of record, the said creditors, under the averments of said petition and the instruments therein referred to, being purchasers for value, and there being no allegation that they had notice of the alleged mistake; (5) said petitioner, if ever entitled to the relief prayed for, has lost said right by delay ; (6) said petitioner does not set forth any sufficient ground entitling the petitioner to the relief prayed for, or to any relief.

HAWKINS, P. J., filed the following opinion :

It may be conceded that the present proceeding does not fall within the purview of the act of 1840 ; for it is not a bill of review for the correction of " errors in account " made by any trustee.   But outside of this act the orphans' court has that discretionary power which belongs to every court of justice, and is essential to the performance of duty, to correct its own errors injurious to any of the parties, where it can be done without prejudice to intervening rights : Young's App., 99 Pa. 74.   " A sense of fair dealing and justice," said Mr. Justice GORDON in Milne's App., 99 Pa. 483, " would be authority enough, in the absence of any other, for so holding."

The right to relief here turns upon the effect which must be given the proceedings out of which the trustees' conveyance

grew; if title was thereby vested in Alexander Nimick and James M. Bailey, individually, it must be denied; if not, it must be granted; for the conveyance would then in form be prejudicial to petitioner's interest. The solution of this question is jurisdictional. This court has power to divest title to land standing in the name of any decedent by (1) sale for the purpose of distribution under its direction amongst creditors, next of kin or legatees; or (2) in the execution of trusts in the modes prescribed by law. It is very plain that the proceedings here cannot be classified under the first head. It was not even in form a sale. No price was fixed; no purchase money was paid or secured, as required by the act of March 22, 1859, sec. 1, P. L. 207, Purd. 1629. The agreed " consideration " cannot be regarded as furnishing a substantial basis, for its payment was but an existing obligation, official and personal, cognizable in another court. It was no more than the expression of duty which was implied in the character of liquidating partners. The assumption of an intended sale would have raised a necessary implication of distribution under the direction of this court; but there was no creditor seeking and no contemplated distribution here; and this court cannot be supposed to have intended an illegal delegation of its judicial functions.

But in addition to and underlying these formal defects, there are meritorious reasons which conclusively show that there was neither power nor intention to authorize a sale. The declared purpose of the proceeding was " to adjust and settle " firm affairs, which necessarily implied settlement in the mode prescribed by law. The conveyance was a mere incident. W. K. Nimick admittedly had no land to sell. He was a mere trustee, and might have been compelled to transfer the legal title which he held to the surviving partners. What he might have been compelled, he would have been authorized, to do. The ground of jurisdiction in either court could be no other than the administration of a trust, and the result of its exercise the same. " All roads lead to Rome." The land being admittedly firm assets necessary for the payment of firm debts, it became the trustee's duty to convey, and the surviving partners to receive it for the purpose of liquidation; and it would have been a fraud on the equities of the partners to pervert it to any other use. Its character was so fixed as to be beyond the power of parties or court to change it.

It seems plain, therefore, that the jurisdiction of this court to make the order of conveyance can be sustained only upon the theory of the execution of a trust; and that, consequently, the title thereunder vested in Alexander Nimick and James M. Bailey, not individually, but as surviving partners of the firm of Phillips, Nimick & Co., for the purpose of liquidation. The decree, expressly declaring a purpose "to adjust and settle" the firm affairs, followed by direction that conveyance be made to "Alexander Nimick and James M. Bailey, the surviving partners," plainly shows the character in which they were intended to take. The inducement was the execution of the trust, and the expression of other "considerations" could not change its nature, but was simply collateral. Logically, the conveyance to them should have conformed to this purpose, but "it must be construed with and its mistakes corrected by the record upon which it depends for its validity," in accordance with the well settled rule: McGhee v. Hoyt, 106 Pa. 516; Johnson's App., 114 Pa. 132.

This court has no jurisdiction of the question of laches suggested as affecting the claim to relief. The settlement of firm affairs belongs to another court; and admittedly has not been made. So long as the purpose of the conveyance remains unsatisfied the title must be treated here as rightfully in the liquidating partners: Foster's App., 74 Pa. 391; George's App., 2 Jones, 260.

The voluntary assignees of Alexander Nimick have no equity to object to the relief asked. Standing in the channel of title, the record of this court was notice to them that the property conveyed by the trustee under the will of W. K. Nimick, deceased, was assets belonging to the firm of Phillips, Nimick & Co. necessary to the settlement of firm affairs, primarily liable for its debts and the adjustment of the equities of the parties, and consequently held in trust. Their interest was therefore secondary; and while the correction of the mistake inadvertently made by the trustee could do them no harm, refusal might prejudice the right of petitioner. The controversy which has arisen here is of itself sufficient evidence of injury to petitioners. The assignment passed to the assignees only such property as the assignor had right to convey. No claim was made here that this particular property was even specified; and

there is nothing to show that the individual creditors of Alexander Nimick granted an extension of time for the payment of his debts upon its credit as part consideration. "Every man is bound," said Chief Justice TILGHMAN, in Messinger v. Kintner, 4 Binn. 104, "to take notice of the record, which is the foundation of his title. If they looked into the title at all, the decree of the orphans' court stared them in the face at the first step, and seeing the decree they must take notice at their peril of the proceedings on which it was founded." The land proposed to be conveyed here having been stamped of record with the character of trust assets must remain trust assets until the purpose of the trust shall have been accomplished; and those who claim through it must regard its sanctity. The cases of Gunnison v. Loan Co., 157 Pa. 303, and others of that class, invoked by respondents, in which it was held that land whose title stands in the name of individual members of a firm must be treated as individual assets, although bought with firm assets for firm purposes, are clearly distinguishable from the present by the fact that the record gave no notice of a trust. These respondents claiming through the record of this court, and therefore, with record notice of the trust under which the land was held, are limited in interest to the residue which shall remain after that trust has been satisfied.

The petitioner's equity to relief on the record as it stands being then clear, the demurrer must be overruled. Counsel for respondents ask leave to answer over, with a view to averments of fact outside the record; but as the decision of this court is based solely on the record, those averments become immaterial, and any answer here unnecessary. The decree on the demurrer will therefore be final.

And now, to wit, February 10, 1896, this matter came on to be heard upon petition and demurrer, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed:

1. That said demurrer be and is hereby overruled, and

2. It appearing that the granting clause of the conveyance recited in said proceedings was not made in conformity with the order of this court, that said conveyance be vacated and set aside and a new conveyance nunc pro tunc, as of April 25, 1887, be made for the purpose of correcting said mistake, by said

Charles E. Speer, trustee, under the will of William K. Nimick, deceased, and J. H. White, guardian of Elizabeth N. Bonham, to Alexander Nimick and James M. Bailey, as surviving partners of the firm of Phillips, Nimick & Co.

It is further ordered that the costs of this proceeding be paid by the estate of William K. Nimick, deceased.

*Error assigned* was decree of the court.

*William Scott*, with him *George P. Hamilton*, for appellants.— The court was without power to make the decree. In George's App., 12 Pa. 260, and Johnson's App., 114 Pa. 132, relied on to sustain this proceeding, there were gross mistakes of fact. But even if the court has the power, the decree should not have been made : McGhee v. Hoyt, 106 Pa. 516.

If such a contract was executed as was intended by the parties at the time it will not be reformed in equity on the ground of mistake as to its legal operation, especially where other rights have intervened : Ins. Co. v. Union Canal Co., Brightly, 48 ; Zentmyer v. Mittower, 5 Pa. 403 ; Susquehanna Mut. Fire Ins. Co. v. Swank, 102 Pa. 17.   Equity will not reform a contract in accordance with an intention which it is alleged the parties would have had if better informed : Ins. Co. v. Canal. Co., Brightly, 48 ; Rankin v. Mortimere, 7 Watts, 372 ; McAninch v. Laughlin, 13 Pa. 370 ; Good v. Herr, 7 W. & S. 253 ; Clapp v. Hoffman, 159 Pa. 531.

A bill of review is in the nature of a writ of error : Dennison v. Goehring, 6 Pa. 402 ; George's App., 12 Pa. 260 ; Baggs's App., 43 Pa. 512 ; Neil's App., 93 Pa. 181.

Upon dissolution it is competent for partners, in cases of voluntary dissolution, to agree that the joint property of the partnership shall belong to one of them, and if this agreement be bona fide, and for a valuable consideration, it will transfer the whole property to such partner wholly free from the claims of joint creditors : Story on Partnership, sec. 358 ; Bates on Partnership, sec. 259 ; Ex parte Ruffin, 6 Ves. 119 ; Ex parte Peake, 1 Madd. 346 ; Ex parte Williams, 11 Ves. 3 ; Baker's App., 21 Pa. 76 ; Shafer's App., 106 Pa. 49.

As to purchasers and lien creditors, a deed to persons who are in fact partners, but who take title to themselves as tenants

in common, must stand as the foundation of their rights: Ebbert's App., 70 Pa. 79; Second Nat. Bank's App., 83 Pa. 203; Holt's App., 98 Pa. 257; Warriner v. Mitchell, 128 Pa. 153; Gunnison v. Loan Co., 157 Pa. 303.

Where a retiring partner stipulated that the remaining partner should pay the debts of the firm, a suit on the contract was held to be his only means of enforcing the obligation: Bullitt v. Chartered Fund, 26 Pa. 108; Clarke's App., 107 Pa. 436.

The position of the petitioner with respect to the dissolved firm was no longer that of a partner, but that of a stranger with such legal rights as the contract of indemnity against debts afforded: Frow's Est., 73 Pa. 459; Scott's App., 88 Pa. 173.

In any view of the case, the decree seeks or undertakes to affect intervening rights of parties who are not in court: Christy v. Sill, 131 Pa. 492; York County Bank's App., 32 Pa. 446; Scull's App., 115 Pa. 148; Doner v. Stauffer, 1 P. & W. 198.

*D. T. Watson*, with him *Johns McCleave*, for appellee.—If a mistake was made in the form of a deed in carrying out the order of the orphans' court, made in 1887, for the sale of the interest of William K. Nimick, deceased, in the firm of Phillips, Nimick & Company to James M. Bailey and Alexander Nimick, the orphans' court has the power to correct the same: Milne's App., 99 Pa. 483; McGhee v. Hoyt, 106 Pa. 516; Gaines v. Brockerhoff, 136 Pa. 199; Johnson's App., 114 Pa. 132; Young's App., 99 Pa. 83; 2 Pomeroy's Equity Jur., sec. 845; Corrigan v. Tiernay, 100 Mo. 276; Snyder v. May & Klose, 19 Pa. 235; Ray & Thornton v. Bank of Ky., 3 B. Mon. 510; Gratz v. Redd, 4 B. Mon. 178; Northrop v. Graves, 19 Conn. 548; Griswold v. Hazard, 141 U. S. 284; Lansdown v. Lansdown, Mosely, 364; 3 Parsons on Contracts, (8th ed.) p. 353; Eastman v. Provident Mut. Relief Assn., 65 N. H. 176.

The deed dated April 25, 1887, from Charles E. Speer, trustee, and J. H. White, guardian, to Alexander Nimick and James M. Bailey was the result of a mutual mistake made in carrying out the order of the orphans' court of March 21, 1887. When the mistake was discovered Charles E. Speer, trustee, promptly presented his petition December 24, 1895, asking for a correction of the same. Alexander Nimick and James M. Bailey answered this petition admitting the facts therein averred,

and joined in the prayer thereof.   No one opposed the correction of the mistake except Messrs. Donnell and Chalfant, the trustees of Alexander Nimick, insolvent, and they demurred to the petition, thereby admitting all the material facts therein averred.   All parties in interest and who were parties to the original sale in 1887 thus admit the mistake and ask for its correction.

Every man is bound to take notice of the record which is the foundation of his title.   If they looked into the title at all the decree of the orphans' court stared them in the face at the first step, and seeing the decree they must take notice at their peril of the proceeding on which it was founded : Messinger v. Kintner, 4 Binney, 97 ; Fogelsonger v. Somerville, 6 S. & R. 267 ; Kennedy v. Wachsmuth, 12 S. & R. 171.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 4, 1897 :

We find no error in this record.   The questions involved appear to have been fully considered and correctly decided by the learned court below.   We have no doubt as to that court's power to make the decree complained of, or as to the propriety of making it.   It is unnecessary to show statutory authority for the correction of such a manifest error as appears in this case, patent upon the face of its own records, and thus notice to everybody who has had occasion to examine them.   Every court of justice has inherent power to correct such errors ; and it would be strange, indeed, if having had its attention called to such a glaring mistake or blunder of one of its own officers, it would either hesitate or decline to make the necessary correction.   But these and all other questions presented by the record have been so thoroughly discussed in the clear, concise and convincing opinion of the learned president of the court below, that nothing need be added to what may be found therein.   On that opinion the decree is affirmed and the appeal dismissed at appellant's costs.