(36 South. 859.)

No. 15,027.

Succession of WILLIAMS v. CHAPLAIN.*

(May 9, 1904.)

ADMINISTRATION—SALE FOR TAXES — SETTING ASIDE—ASSESSMENT—DEED—NOTICE.

1. An administrator of a succession can stand in judgment to set aside a tax suit and have the property brought back to the mass of the succession to be sold to pay debts of the succession.

2. Assessments may be made in the name of the person, dead or alive, who appears to be the owner on the books of the conveyance office. Wolff's Rev. St. p. 815 (Act No. 140 of 1890, p. 179, § 2).
No notice of the death had been given to the assessor. Section 25, p. 132, Act No. 106 of 1890.

3. The deed of sale recites that notice had been given to the tax debtor.
No such notice was given. It follows that the title is fatally defective.

4. The property having been advertised for tax sale as owned by an owner properly present, the proceedings cannot be changed to such as are followed when a taxpayer is "unknown."
There was no "unknown" taxpayer within the intendment of the statute.

5. The title of the city was not such an outstanding title as to enable defendant to champion the city's rights.
The city's rights remain unchanged, and are reserved.

6. Defendant is entitled to the taxes paid, interest, and penalty, and to reimbursement of unavoidable expenditures during the time that he had possession.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by the succession of D. W. Williams against Louis E. Chaplain. Judgment for plaintiff, and defendant appeals. Modified.

Theodore Cotonio, for appellant. Dinkelspiel & Hart, for appellee.

———

*Rehearing denied June 6, 1904.

BREAUX, C. J. Plaintiff, as administrator of the succession of D. W. Williams, seeks by this suit to set aside a tax sale and recover a piece of real estate for the succession he represents. It appears by the tax sale attacked by plaintiff, as the administrator of the succession of Williams, that the property was sold by the tax collector in 1899 to the Gulf & Improvement Company for unpaid taxes for the year 1898, assessed in the name of Daniel Williams. Subsequently this company transferred its adjudication to Louis E. Chaplain, to whom the tax collector executed a deed to the property in October, 1899, which was duly registered in the conveyance office.

Plaintiff's grounds of attack are·

That the property was illegally assessed in the name of a dead man, and that no notice was given to the owner of the property prior to the sale.

Plaintiff avers that it is necessary to recover the property, and sell it in order to pay debts of the succession, to which he, as administrator, claims it belongs.

Plaintiff filed a supplemental and amended petition, in which he represented that there was no legal advertisement for 30 days preceding the adjudication of the property at tax sale.

Defendant interposed an exception to the suit, in which he alleged that Gabriel Fernandez, the administrator, cannot stand in judgment, for the reason that, if D. W. Williams be dead, he owes no debts, and in that case only his heirs can institute suit to recover immovable property; that the right to bring suit rests in the heirs. The exception of defendant was referred to the merits to be therewith tried.

After the exception had thus been referred to the merits, defendant answered, and averred the validity of his tax title, and asked in his answer in the alternative for reimbursement of the amounts paid by him on the property.

The district court decided in favor of the succession of D. W. Williams and against the defendant, Louis E. Chaplain, and, it follows, annulled the tax sale.

Although defendant denies that D. W. Williams is dead, it is made to appear manifestly enough by the testimony that he died in April, 1896.

The evidence also shows that there are debts due by the succession, and that the defendant is without good ground to urge that the succession owed no debts. It follows that the administrator in this case could bring suit to recover immovable property and obtain judgment recognizing his title.

This disposes of the questions brought up by way of exception. We therefore pass to the merits of the case.

The first ground urged by the plaintiff for consideration on appeal is, as before stated, that the property was assessed in the name of a dead man, and that no notice was given to the owner of the property prior to the sale.

Under the tax revenue statute since 1898 assessments may be made in the name of the "person or persons whether dead or alive, who at the time the assessment was made appeared to be the owner thereof on the books of the conveyance office." (Wolff's Rev. St. p. 815 [Act No. 140 of 1890, p. 179, § 2]); and, moreover, it does not appear that notice of the death had been given to the assessor (section 25, p. 132, Act No. 106 of 1890; page 179, Act No. 140 of 1890). Under either statute, as relates to the name of Williams, the assessment was not illegal. Williams' name appeared as owner in the conveyance office at the time the assessment was made. Plaintiff to this point can gather no comfort.

It is different as relates to the want of notice and legal advertisement urged by plaintiff. We think that the informality is fatally defective, and that there is no ground to set aside the judgment appealed from,

and that, in consequence, it only remains for us to affirm the judgment.

An assessment may be in the name of a dead man, and yet the sale be illegal, if proceedings to sell are not carried on contradictorily with parties in interest. The following are our reasons as relates to the want of notice:

The only notice given was to an "owner unknown." No notice was served on the late D. W. Williams, for the very good reason that he was dead at the time that the proceedings were initiated by the tax collector to sell the property, which resulted in its adjudication, as before stated, to the land company, which subsequently transferred its right as adjudicatee to Chaplain. No notice was served on any of the heirs of D. W. Williams.

The testimony shows that he was not only dead at the time, but some time prior to the date of the assessment of the property.

The only defense made by defendant to plaintiff's attack on this score is that the notice was given to an "owner unknown"; that the evidence does not show that any other notice could have been given.

The facts are, as relates to this asserted notice, that the tax deed under which plaintiff holds recites that the tax collector served on each taxpayer in person, or left at his residence or place of business, who had not paid his taxes on immovable property for the year 1898, a notice setting forth that the taxes for that year were due, and that the taxes must be paid, or the property would be sold.

To copy from the deed:

"And said tax collector further declared that one of said notices, correct in form and substance, was duly and legally served on the delinquent taxpayer hereafter named, or left at his residence or place of business."

It recites further that the property was assessed in the name of Dan Williams, and the notice was addressed to this name, but it was not served at all, and the declarations in

the tax deed are denied and contradicted by that fact.

The declaration of the deed cannot thus be contradicted, and a different notice shown than that declared in the deed, by proving that the property was sold as belonging to an "owner unknown."

These contradictory declarations in a deed are confusing, to say the least. Either the property has been sold contradictorily with Williams, as stated in one part of the deed, or it has been sold as belonging to an "unknown owner." That it was the one or the other should be stated, and it should not be stated that he was both present, and at the same time an "unknown owner." One declaration nullifies the other.

There is no evidence before the court other than the declaration in the deed that the property was sold as that of the property of an "owner unknown."

An employé in the tax collector's office testified, over plaintiff's objection, that the property was advertised as belonging to an "owner unknown." We do not think it was legal to permit him to testify differently from the recital in the deed.

Moreover the advertisement of the sale should have been made in the name of the "owner unknown." It cannot be advertised in the name of a taxpayer present, and be offered for sale and sold in the name of "an owner unknown." There is confusing incongruity in such proceedings, where regularity is desirable.

We, in the next place, take up defendant's plea that there is an outstanding title to the property, and in consequence that plaintiff has no interest.

The property was sold at instance of the city of New Orleans at sale prior in date to that here attacked, and for taxes due the city of a prior date.

Defendant invokes this title as one outstanding, which cuts plaintiff off from claiming his property.

Whatever may be the rights of the city, it is not such a title as defendant can plead as an outstanding title.

In no event, in our view, is it owned by defendant. He has no interest. But the city should not be prejudiced by this litigation. All the rights of the city are reserved.

The defendant is entitled to the taxes he has paid on the property, and to all expenditures incurred which were absolutely necessary while he had possession of the property. The case will be remanded to have these claims pleaded in reconvention passed upon after testimony will have been introduced.

With this reservation of right, the judgment of the district court is accordingly amended and affirmed.

Costs of appeal to be paid by appellee.