LAND, J.
Plaintiffs, as heirs and legatees of Joseph Fennimore, late of the parish of Orleans, instituted this suit to annul a tax sale and to be decreed the owner of several tracts of land alleged to have been adjudicated to defendant in June, 1900, for the taxes of 1899, and for the price of $17.45.
Plaintiffs alleged as grounds of nullity that no notice was given to them, and no assessment was made as required by law; that there was no sufficient description of the property.
Defendant, after pleading the general issue, admitted that she purchased at tax sale a tract of land, and went into possession under her tax title. Defendant averred that Joseph (or Joshua) Fennimore was the record owner of the said property at the time of its assessment and sale, and has paid no taxes for more than 20 years; that his heirs had not had said property assessed to them; that said heirs were unknown to the assessor and tax collector and to the community; that the property was assessed to the owner as shown by the public records at the time; that due publication of a general notice to unknown owners, including said land as assessed in the name of Joseph or Joshua Fennimore, was made according to law; that said land was assessed and sold in compliance with the revenue laws in force at the time; and that plaintiffs are estopped by their failure to have said property assessed and to pay taxes thereon and by their neglect to inform the tax officials of their ownership and residence.
It is to be noted that the defendant does not admit that the lands purchased by her at the tax sale are the same lands described in the petition, but at the same time there' is in her answer no disclaimer of title or possession.
There was judgment in favor of the plaintiffs recognizing them as the owners of all the land claimed in their petition, except the land described in sheriff’s deed to defendant of date January 28, 1900, and sold at tax sale as the property of the heirs of Joshua Fennimore on June 16, 1900. The judgment condemned defendant to pay all costs.
Both parties obtained orders of appeal; but plaintiffs alone perfected their appeal by giving bond and security.
In this court defendant, in her answer, prays that the judgment be amended by decreeing that plaintiffs pay all costs of suit.
The assessment was made to the “Heirs of Josh Fennimore” for the year 1899. The lands were sold at tax sale under said assessment to defendant for $17.45. The tax deed contains the general recital, “After having given all the notices and otherwise complied with the law,” and the usual recitals of advertisement. There is nothing in the deed suggesting that the property was assessed and sold as belonging to “unknown owners,” and that notice of such assessment was published as required by statute.
The recital that the property was assessed to “Heirs of Josh Fennimore” negatives the assumption that the owners were unknown.
It is conceded that the statutory notices were not given to the plaintiffs, or any one of them. The only effort the tax collector made to ascertain the address of the heirs was an examination of the assessment rolls, which gave neither names nor address.
It is not shown that the tax collector made inquiry of the assessor or of any other person.
He admits that he gave no notice by mail to the heirs, and he does not intimate that *1083 he gave any notice by publication, and no attempt has been made to prove any such notice.
The property was assessed on a supplemental roll, and. the revenue act then in force required notice of such assessment by mail or publication. Section 12, Act No. 170, p. 346, of 1898.
The same act required notice by mail or publication that the taxes were delinquent. Sections 50 and 51 (page 370).
There is no evidence that any such notice was given, and all the heirs testify that they received no notice either of the assessment or of the sale.
The property was not assessed to “unknown owners,” and therefore notices by publication were not permissible.
The tax collector did not sell the property as belonging to “unknown owners,” and it cannot be presumed that he gave notice by publication as provided in such cases.
In the recent case of Williams v. Chaplain, ante, 1075, 36 South. 859, we held that property could not be proceeded against for delinquent taxes as belonging to a certain person or estate, and at the same time as belonging to “unknown owners.” We said: “These contradictory declarations in a deed are confusing to say the least of it. Either the property has been sold contradictorily with Williams as stated in the deed, or it has been sold as belonging to an unknown owner. That it was one or the other should be clearly stated.”
Under the revenue act of 1898 taxpayers are classed as “residents,” “absent owners,” and “unknown owners.” The act required that notices of delinquency should be given to the first two classes by registered mail, and to the third class by publication. Hence the general recital of notice in tax deeds must be construed as referring to the notice appropriate to the class to which the tax debtor has been assigned.
Where the property has not been .assessed to an “unknown owner,” the presumption is that notice has been given by registered mail.
When this presumption is rebutted, the law does aiot presume notice by publication.
In the case of Webre v. Lutcher & Moore, 45 La. Ann. 574, 12 South. 834, the tax debtor was an absentee, and the tax collector could not, after the most diligent inquiry, ascertain his post-office address, and gave notice by publication, which was the only possible notice under the circumstances.
Subsequently the Legislature, in the revenue act of 1898, supplied the casus omissus by providing for notice by publication to “ponresidents whose post-office address is unknown.”
In the Webre Case notice by publication was proved. In this case there is not even an intimation in the evidence that notice was given by publication. Defendant relies on a presumption of law which cannot possibly exist.
He who relies on an exception to a general rule of law should prove tiie special facts on which such exception is based.
The heirs all resided in the state of Louisiana. They did not come into possession of the patents until the year 1898. They sent them to the proper parish for record, but through some oversight they were not recorded until 1902.
They, in 1898, corresponded with a leading local attorney of the parish touching their title, value of lands, etc.
The taxes of 1901 were paid by them. The lands in controversy were assessed on a supplemental roll in 1899, and sold in 1900 without notices of assessment and sale.
The heirs knew nothing of the proceedings, nor did the local attorney. Plaintifis were entitled to notice both of the assessment and of the sale, and no stei>s were taken by the assessor and tax collector to give them any information that their lands, embracing more than 900 acres, had been *1085 assessed, and would he sold to pay a few dollars of taxes.
The proceedings were radically defective, and the tax sale was a nullity.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be, amended so as to decree that the plaintiffs are the owners of all the lands described in their petition, without exception or reservation, and so as to decree the nullity of the tax sale relied on by the defendant, and to cancel its inscription on the public records, and that, as thus amended, said judgment be affirmed; defendant and appellee to pay costs of appeal.