———o———

No. 5979.

## EDWARD H. PURCELL vs. BERNARD J. ZAHN.

### Syllabus.

The Auditor's deed issued under Act 80 of 1888 and 126 of 1896 is conclusive evidence that the property described in said deed was adjudicated to the State according to law.

A notice of sale to the recorded owner of the property at the date of notice is of the essence of the validity of a tax sale.

Appeal from the Civil District Court, for the Parish of Orleans, Division "C," No. 100,294. Hon. E. K. Skinner, Judge.

John Watt, for plaintiff and appellee.

Ory & Moore, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff avers that by Auditor's deed dated April 16th, 1904, registered in the Conveyance Office on July 25th, 1907, he purchased the square No. 3817, bounded by Bourbon, St. Anthony, Timoleon and Selma Streets.

He further avers that the defendant, Zahn, claimed to be the owner of the same square, by virtue of a sale made to him by the City of New Orleans on August 16th, 1909, for taxes of 1906, assessed to John Molloy; he alleges that said city tax sale is null for the reason that no notice was ever served on him, and he prays that said city tax sale be declared null and that he be recognized as the owner of said square.

The defendant denies that the State acquired title to said square, or that it could or did transfer any title to plaintiff; he claims title by virtue of his city tax sale and prays for judgment for $28.68 with ten per cent interest from date of payment for reimbursement of city and State taxes paid by him and for $15.20 as the price of sale to him with twenty per cent thereon.

The plaintiff introduced in evidence the Auditor's deed with proof of its registry and the testimony of plaintiff that he had received no notice of the intended sale by the city.

The defendant introduced in evidence his city tax title by notarial act and a copy of a newspaper advertisement addressed to the owners whose names or addresses were unknown among which is the name "John Molloy." He also filed in evidence the following tax receipts:

City tax of 1906, with interest, etc............$10.20
City tax of 1907, with interest, etc..............$12.05
State tax of 1909, with interest, etc............ $2.40
State tax of 1911, with interest, etc............ $3.23

$27.88

There was judgment in favor of plaintiff, recognizing him as the owner of the square and annulling the city tax sale to the defendant. There was also judgment in favor of the defendant against the plaintiff for $28.68 with ten per cent interest, and for $15.20 with twenty per cent thereon.

The defendant has appealed from the judgment in favor of plaintiff, and plaintiff has joined in the appeal asking for a reduction of the judgment in favor of defendant.

The defendant contends that it was not enough for plaintiff to show the Auditor's deed to him; that he should also have shown that the State had acquired a title to the square. We do not think so. It is not necessary for a plaintiff in a petitory action to produce any other but his own title.

But Section 4 of Act 80 of 1888, p. 89, provides that deeds executed by the Tax Collector "shall be conclusive evidence of the following facts: S. 3, "that the property described in said deed was adjudicated to the State according to law;" and Act 126 of 1896, p. 181, provides that the Auditor shall be authorized to "execute a deed of sale thereto, which deed of sale shall have the same force and effect and be received as evidence in the same manner as deeds executed hereunder by the State Tax Collector."

The titles discussed in **36 A., 350** and **109 La.. 338**, were not acquired under the Acts of 1888 and 1896.

Defendant's title does not pretend, upon its face, to have been preceded by a notice to the owner of the property. A notice of sale to the recorded owner of the property at the date of notice was the essence of the validity of the sale. **112 La., 1075; 108 La., 550; 6 Ct. of Appeal,**

**90; 8 Ct. of Appeal, 382.** and authorities therein quoted; Const., Art. 233; Act 170 of 1898, Sec. 50.

There is no evidence to show that defendant has paid more than twenty-seven 88/100 dollars for taxes, including the price of sale; and $5.00 costs of act of sale.

It is, therefore, ordered that the judgment of the lower Court be amended by reducing the judgment in favor of the defendant, Zahn, to thirty-two 88/100 dollars with ten per cent per annum interest on $15.20 from Aug. 17, 1909, on $12.05 from December 23rd, 1909, and on $2.40 from November 11th, 1909, and on $3.23 from August 22nd, 1911, and that the judgment herein in favor of plaintiff, Purcell, shall have no effect until the above amount shall have been paid to the defendant, the defendant to pay costs in both Courts, and that as thus amended the judgment of the lower Court be affirmed.

Judgment amended and affirmed.

Opinion and decree, February 25th, 1914.

Rehearing refused, March 23rd, 1914.

Writ denied, April 28th, 1914.