(132 So. 516)

In re LA SALLE REALTY CO., Limited.

PIERNAS v. LA SALLE REALTY CO. Limited.

No. 27428.

Feb. 2, 1931.

Theo Cotonio and Theo Cotonio, Jr., both of New Orleans, for appellant.

Prowell, McBride & Ray, of New Orleans, for appellee.

ROGERS, J.

Louis Piernas, the appellee, in 1921 owned two adjoining pieces of property fronting on Bertrand street, in the city of New Orleans. He acquired one piece on February 13, 1917, by purchase from the succession of Julia Escot, and he acquired the other piece on August 5, 1920, by purchase from Mrs. William Cassidy. Both parcels comprised the whole of the original lot No. 9, and were designated on the assessment rolls of New Orleans for the year 1920 by the same number and by the same measurements.

The property which Piernas purchased from Mrs. William Cassidy was sold on October 3, 1921, in the name of Mrs. Cassidy, for the delinquent city taxes of 1920, the purchaser being the La Salle Realty Company, Limited, the appellant.

On February 23, 1923, the La Salle Realty Company, Limited, applied to the civil district court for the parish of Orleans for a writ of seizure and possession, the process being served on the occupants of the premises. As soon as Piernas learned of the proceeding, he filed a separate suit in the same court for injunctive relief. Both suits were subsequently consolidated and tried on the merits as one suit, resulting in a judgment annulling the tax sale and ordering the erasure of its inscription from the convey-ance records. The judgment also perpetuated the injunction. From this judgment, the La Salle Realty Company, Limited, has appealed.

Piernas sought the nullity of the tax sale on three grounds, viz.: First, that he was not served with a notice of delinquency; second, that the tax sale was not properly advertised; and, third, that the property was insufficiently described in the advertisement and in the tax deed.

We shall discuss the first and second grounds together.

The property sold for taxes is improved property. Piernas lived next door, in the premises owned by him. In the deed from Mrs. Cassidy, Piernas assumed payment of the taxes of 1920. Some time after his purchase he called at the office of the city tax collector to pay his taxes, paying what he was informed by the clerk in charge was the amount due. He was under the impression that the payment covered the taxes on the whole of lot No. 9. Piernas also advised the board of assessors that he had purchased Mrs. Cassidy's property, and the property was duly assessed to him for the taxes of 1921 and subsequent years. He paid all the taxes thereon since 1920. Piernas has been in continuous possession of the property since he purchased it, drawing rent from persons occupying it as his tenants.

Piernas, who we gather from the record is advanced in years and somewhat sickly, left in April, 1921, for Bay St. Louis, a town on the Mississippi Gulf Coast a short distance from New Orleans. He was absent from New Orleans at the time of the sale of his property to the La Salle Realty Company, Limited.

■ Under the provisions of the constitution it is essential to the validity of a tax

sale that notice of delinquency be served on the owner of record at the time of service. Ryals v. Todd, 165 La. 952, 116 So. 395; Kivlen v. Horvath, 163 La. 901, 113 So. 140; Recker v. Dupuy, 161 La. 392, 108 So. 782.

Section 50 of Act No. 170 of 1898, p. 370, provides that on the 2d day of January of each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid his taxes on immovable property a written or printed notice that his taxes must be paid or that his property will be sold.

Section 51, pp. 370, 371, provides how this notice shall be given. The section requires that in the city of New Orleans the tax collector shall make personal service on each taxpayer or shall leave it at his residence or place of business; and that a return or statement, in writing of the mode of such service shall be made by the officer serving the same and filed in the office of the tax collector.

Section 52, p. 371. provides for notice by publication to all unknown owners and nonresidents whose post office address is unknown.

▇ The stub of the notice which is the basis of the tax sale under review shows an undated notice addressed to Mrs. Wm. Cassidy. Upon the face of the stub appears the word "unknown" written in lead pencil. The notice and the lead pencil memorandum indicates that the tax collector regarded Mrs. Cassidy as the owner of the property, and that she could not be found. But the municipal authorities were charged with notice that Louis Piernas was the owner of the property by the registry of his act of purchase in the conveyance office and the assessment of the property in his name for the year 1921. Neither Mrs. Cassidy, the party assessed, nor Piernas, the record owner, were served with any notice whatever. No return or statement, of any kind was made showing that any attempt had been made to serve the notice in any of the modes required by law, nor why it was not served. The date the notice was placed in the hands of the serving officer for execution does not appear. Non constat that Piernas was in the city of New Orleans at the time, since he did not leave for Bay St. Louis until some time in the month of April. And it is plain that no serious attempt was made to locate either Mrs. Cassidy or Piernas. Mrs. Cassidy, as a matter of fact, lived on Broad street, just around the corner from the property, which was occupied by the tenants of Piernas. An inquiry either of Mrs. Cassidy or of the occupants of the property would have disclosed the facts. And the information that such an inquiry had been made would in all probability have reached Piernas and brought about the payment of the tax.

The tax collector treated the property as belonging both to an unknown and a known owner. The general notice to unknown owners of immovable property on which taxes were delinquent was first published on June 22, 1921. Among the list of debtors and property appearing in the publication the property under review was described as belonging to "Mrs. Wm. Casserdy." The first advertisement of the sale of immovable property for delinquent taxes appeared on August 31, 1921. In this and the subsequent advertisements "Mrs. Wm. Casserdy" was designated as the owner of the property under review. And the tax deed itself recites that the notice of delinquency was served on the taxpayer. The recital is palpably incorrect.

A tax debtor cannot be proceeded against at the same time as a known and as an unknown owner. Williams v. Chaplain, 112 La. 1075, 36 So. 859; Fennimore v. Boatner, 112 La. 1080, 36 So. 860.

The property sold to the La Salle Realty Company, Limited, was not assessed to an "unknown owner," and the record owner was entitled to the notice required by law of delinquency and intention to sell.

Counsel for the La Salle Realty Company, Limited, argue that the notice by publication was sufficient, because Piernas was a resident of Bay St. Louis, Miss., at the time his property was proceeded against by the tax collector. That since he was a nonresident it was impossible to serve him personally with a notice of delinquency.

But, it does not appear affirmatively in the record that Piernas was not residing in New Orleans at the time the notice of delinquency was placed in the hands of the serving officer for execution.

If, in point of fact, Piernas was a nonresident at the time, and could only be effectively reached by publication of the notice of delinquency, nevertheless, the notice as published was not such a notice as is required by law. Certainly, Piernas could not be classed as an "unknown owner." The most that can be said in favor of the attempted notice by publication is that Piernas was a known owner whose residence was unknown. But the advertisement did not show that fact. The publication beginning on June 22, 1921, advertised his property as the property of some person whose name and address were both unknown. The publication beginning on August 21, 1921, advertised his property as the property of "Mrs. Wm. Casserdy." Neither advertisement answered the legal requirement that the no-

tice should be given to the owner of the property, even though the property is assessed in the name of another person. The name of Louis Piernas should have appeared in both publications as the owner of the property and the delinquent tax debtor.

■ It is true that, under section 52 of Act No. 170 of 1898, the immovable property on which the taxes are delinquent should be published as it is described on the tax rolls; but it is equally true that under the jurisprudence the name of the owner should also be set forth in the publication, otherwise it cannot be said that he has received the notice to which he is entitled.

In view of the foregoing, it is not necessary for us to consider the question of the sufficiency of the description of the property in the advertisements and in the tax deed.

■ The appellant, La Salle Realty Company, Limited, complains that the court below failed to decree, as required by the constitutional provision (Const. 1921, art. 10, § 11), that the judgment herein rendered should be ineffective until appellant had been reimbursed the amount it had paid for taxes, with interest, penalties, and costs.

A reference to the record shows that appellant failed to make any such claim in any of its pleadings except in its motion for a new trial.

The record also shows that Piernas, through his attorneys, tendered appellant $40, which was more than sufficient to comply with the provision of the Constitution. This tender was made on March 16, 1923. The judgment herein was rendered on May 12, 1925, and on May 16, 1925, appellant filed its motion for a new trial. In this motion, for the first time, as we have hereinabove stated, appellant called attention to the constitutional provision. On May 25, 1925, Pier-

nas filed a motion in which he showed the tender of $40 on March 16, 1923, for the purpose of reimbursing appellant and appellant's refusal of the tender; that having obtained a judgment annulling the tax sale, he desired to deposit $40 in the registry of the court to reimburse the La Salle Realty Company, Limited, the tax purchaser, for the price of adjudication, with all penalties and costs as provided by law. The court ordered the deposit to be made accordingly, which was done. On May 26, 1925, the court below entered an order in these words: "Considering the tender and the deposit made by the plaintiff in injunction, Louis Piernas, the new trial herein prayed for is denied." The judgment was signed on the same day.

The amount deposited by Piernas in the registry of the court below is sufficient to redeem his property from the tax sale. The money so deposited is to all intents and purposes the property of the appellant, which can obtain it at any time by the proper order of court. When this is done, appellant will be fully reimbursed for the expenses which it incurred in the purchase of appellee's property at tax sale.

For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant.