McBRIDE, Judge.
Plaintiff, who is the heir of Elouise and Louis Dixon, seeks to set aside a tax sale of an unimproved lot of ground which was ■conducted by the City of New Orleans for delinquent taxes for the year 1950 on an .assessment in the joint names of said decedents. The suit was filed within five years ■of the date of registry of the tax sale on the conveyance records. The basis for the .attack is that no notice of delinquency had been served on the tax debtors in accordance with law. Defendant answered the suit, denied his tax title was invalid, and by reconvention prayed for confirmation thereof.
The lower court rendered judgment annulling the tax sale conditioned upon the plaintiff reimbursing defendant the amount paid by him in connection with the sale amounting to $69.47. Defendant has taken this suspensive appeal from the judgment.
Article 10, Section 11, of the Louisiana Constitution, LSA, provides that prior to advertisement and sale of property for unpaid taxes, the tax collector shall give notice to the “delinquent” in the manner provided by law.
The first paragraph of LSA-R.S. 47 :- 2180 provides that on the second day of January of each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes assessed on his immovable property a written or printed notice that his taxes must be paid within 20 days after service of the notice or that the property will be sold.
The second paragraph of LSA-R. S. 47:2180 provides how the notice of delinquency shall be given. In New Orleans the tax collector may either send the notice by registered mail or make personal or domiciliary service on the taxpayer.
The third paragraph of LSA-R.S. 47:-2180 provides that in the case of unknown owners of assessed immovable property and nonresident owners of such property whose post office addresses are unknown, the tax collector shall publish one general notice addressed to such owners in which he shall describe the property as it appears on the tax roll. This notice shall be given once a week for two weeks in a newspaper published in his parish.
LSA-R.S. 47:2181 provides, among other things, that at the expiration of 20 days, counting from the day when the last of the notices is mailed, published or posted, or as soon thereafter as practicable, the tax collector shall proceed to advertise for sale *737 the property on which delinquent taxes are due as provided for judicial sales of immovable property, i. e., once a week for 30 days. See C.P. art. 670; LSA-R.S. 43:203.
The tax sale under attack recites that as soon after the second day of January of the year 1951 as possible there was served:
“ * * * upon each taxpayer who had not paid taxes on immovable property or the record owner of the property for which taxes are delinquent for said year 1950 a written or printed notice by personal or domiciliary service or by registered mail setting forth in substance that the said taxes assessed for the said year on immovable property of this City (stating in said notice the property assessed and the assessed value of said property, and the taxes due thereon) were then due; and when they became delinquent; that said taxes bore interest at the rate of ten per cent per annum from date of delinquency until paid in full; that said taxes must be paid within twenty (20) days after service of said notice or that said property would be sold according to law, * * *.”
And:
“ * * * that one of said notices correct in form and substance, was duly and legally served on the delinquent taxpayer.”
These recitals of the tax deed are palpably incorrect. No notice of delinquency was ever served on either of the delinquents. No notification was given to Louis Dixon for the very good reason he departed this life prior to his taxes becoming delinquent. A notice of delinquency had been made out in his name, but this was returned to the tax collector’s office marked with the notation “unknown.” Nor was a notice of delinquency served upon Elouise Dixon although she was then alive and a resident of New Orleans. The present tax administrator, who, incidentally, was not connected with'the tax department when the tax sale was made, appeared in court and testified as a witness for the defendant, stating that it was his opinion that Elouise Dixon could not be located because her address did not appear on the tax rolls and no information could be obtained as to her whereabouts from the telephone directory or the city directory as her name was not carried in either.
Realizing that the notice of delinquency contemplated by the first and second paragraphs of LSA-R.S. 47:2180 had never been'served upon the delinquent taxpayers either by registered mail or by personal or domiciliary service, counsel for defendant endeavor to place the delinquent taxpayers in the category of unknown owners, and contend there was substituted notice to them under the. provisions of the third paragraph of LSA-R.S. 47:2180, which pertains to the type of notification to be given unknown owners of assessed immovable property and to nonresident owners whose addresses are unknown, and that such published notice is sufficient to uphold the verity of the tax sale.
The tax administrator testified that because the notice of delinquency was not served upon Elouise Dixon and/or Louis Dixon, that as a matter of office routine the tax department advertised the tax sale of their property seven times instead of the usual five publications in that the taxpayers were “unknown owners.” He did not amplify his statement, and we are ignorant of the nature of the two extra publications or in what classification or category said delinquents were placed or under what heading the publications appeared. The witness produced a photostatic copy of what he said was the advertisement which merely reads thus :
“Dixon, Louis and Eloise—
“City Tax, 1950 .$2.83
“Third Municipal District, Ninth Ward of this City, Lot No. 2, Square No. 978, bounded by Alabo, Benton, *738 Johnson, Galvez, and measuring 31 feet front by 127 feet in depth.
“1950 Tax Bill No. 3-9W-5-040-08”
From the testimony of the tax administrator with regard to the substituted notice it is not clear exactly what kind of publication was made, and we quote his testimony for what it is worth:
“Q. Now, in this particular case, the City was unable to locate Louis Dixon and Elouise Dixon? A. That’s correct.
“Q. What did the City proceed to do, then? A. We proceeded to advertise and sell the property as required by the revised statute.
“Q. Now, in the event of an unknown owner, an owner to whom a notice of delinquency has not been delivered, you run two additional advertisements? A. That’s right, we advertise seven times.
“Q. And I asked you, Mr. Martin, to bring a copy of the advertisement with you and I believe you have done so ? A. This is the original sale book, yes.
“Q. You show me a document — a book headed Tax Sale, 1950, and you point to page fifty-five of this book? A. That’s right.
Q. And the fifth ad? A. That is the ad that was read at the sale.
“Q. Now, this ad was published how many times ?. A. Seven times.
“Q. Two as unknown and five as legal ads?”
The witness made no answer to the last question.
Article 10, sec. 11, Const.1921, authorizing the tax collector to advertise property for sale for unpaid taxes only after “giving notice to the delinquent in the manner provided by law,” contemplates that where property is assessed in the names of joint owners or co-owners, each one of them is entitled to be served with the notice of delinquency. Le Blanc v. Babin, 197 La. 825, 2 So.2d 225; Adsit v. Park, 144 La. 934, 81 So. 430; Splane v. Tubre, La. App., 6 So.2d 361, rehearing denied La. App., 6 So.2d 698; Hodges v. Kranz, 10 La. App. 227, 120 So. 677.
The provisions of the third paragraph of LSA-R.S. 47:2180, dealing with the mode of notifying unknown owners of assessed immovable property and nonresident owners of such property whose post office addresses are unknown, make no mention whatever of notice to a delinquent resident owner whose name is known to the tax collector but whose address is not known. Whether the provisions of the paragraph are broad enough to apply to the last-mentioned class of delinquents is a matter that does not require a decision in this case, but we repeat it is not clear that Elouise Dixon and Louis Dixon were ever given notice in such form as is provided for in said paragraph.
Regardless of what import the testimony of the tax administrator may convey with reference to substituted notice of the tax sale, the recitals of the deed must be controlling in the matter of notice, and these set forth a written or printed notice correct in form was given the delinquent taxpayers by personal or domiciliary service or by registered mail, and this conclusively demonstrates that the taxpayers were dealt with not as unknown owners but as owners who had been regularly notified of their delinquency under the provisions of the first and second paragraphs of LSA-R.S. 47:2180. This general recital of notice in the tax deed must be construed as referring to the notice appropriate to the class to which the tax debtors had been assigned. Fennimore v. Boatner, 112 La. 1080, 36 So. 860'.
Even if substituted notice had been given the delinquents as “unknown owners,” appellant could gain no comfort therefrom because the declarations of the *739 deed should not be allowed to be controverted and a different mode of notifying, the taxpayer shown than that declared. If it were permissible for appellant to show that the taxpayers were proceeded against in the matter of notification as known owners whose addresses were unknown and that they were proceeded against in the tax deed as owners who had been regularly served with notice of delinquency, as stated in Williams v. Chaplain, 112 La. 1075, 36 So. 859, 860, there would be “confusing incongruity in such proceedings where regularity is desirable.”
The court in said case further stated:
“These contradictory declarations * * * are confusing, to say the least. Either the property has been sold contradictorily with Williams * * * or it has been sold as belonging to an ‘unknown owner.’ That it was the one or the other should be stated, and it should not be stated that he was both present, and at the same time an ‘unknown owner.’ One declaration nullifies the other.”
Such “confusing incongruity” also existed in the case of In re La Salle Realty Co., Limited, 171 La. 965, 132 So. 516, 518, wherein the residence of a local taxpayer being unknown, the tax collector advertised his property as belonging both to an unknown and a known owner. The tax deed itself, like that before us in the instant case, recited that notice of delinquency had been served on the taxpayer. The Court tersely stated:
“A tax debtor cannot be proceeded against at the same time as a known and as an unknown owner. Williams v. Chaplain, 112 La. 1075, 36 So. 859; Fennimore v. Boatner, 112 La. 1080, 36 So. 860.”
The tax sale which plaintiff has assailed is null, void and without legal effect as no notice of delinquency was served upon the tax debtors.
Therefore, for these reasons the judgment appealed from is affirmed.
Affirmed.