No. 2051.—JANE V. FLETCHER *v.* A. F. DUNBAR & Co., JOHN FLETCHER, Intervenor.

The filing of an answer by defendant, and trial on the merits, does not waive his right to, nor preclude the judge *a quo* from, considering and deciding a peremptory exception (filed at the same time with the answer) founded on law.

The exception that the petition discloses no cause of action will be sustained in a case where, if all the allegations are true, no judgment can be pronounced thereon.

APPEAL from the Thirteenth District Court, parish of Concordia, *Hough*, J.   *Geo. S. Sawyer*, for plaintiff and appellant.   *Mayo & Spencer* for defendant and appellee.

HOWE, J.   The plaintiff in her petition avers that her brother, John Fletcher, and herself are the sole heirs of their father and mother ; that their mother who died before their father, left an estate in community with him amounting to $25,000, consisting principally in the Fletcher plantation, in the parish of Concordia; that on the twelfth December, 1859, their father—having previously acquired the son's fourth part— sold the undivided three-fourths of this plantation to Yorke and Hoover for the price of $37,000, leaving her fourth interest undisposed of; that her father died on the twenty-ninth January, 1862, leaving an estate valued at $30,000; that on the twenty-ninth July, 1862, her brother, John Fletcher, was appointed her guardian by the Probate Court of Adams county, Mississippi; that her brother established his

residence in the parish of Concordia, and continued to act as her tutor, or as an intermeddler with her Louisiana property, appropriating its revenues to a large amount to his own use; that on the sixteenth of May, 1866, he repurchased from Yorke and Hoover the three-fourths of the Fletcher place, and gave up to them their notes they had executed for the price, amounting to $25,000, a half interest in which belonged to her; that her brother has become insolvent and has rendered her an account of his acts in Louisiana; that on the thirtieth November, 1867, having become of age she had a formal settlement with her brother on account of his guardianship, in the Probate Court of Adams county, Mississippi, by which she was adjudged to have one-half interest in three-fourths of the Fletcher place purchased by her brother from Yorke and Hoover, to date from said purchase, which, with the one-fourth interest previously owned by her, gave her an interest of five-eighths in that plantation; that in said settlement she obtained a decree against her brother for $5,800 for the rent of her interest in this plantation for the years 1866 and 1867, and that the rents of her fourth interest therein for 1862, '63, '64, '65, '66, were worth $1000 per annum; and that on the thirtieth November, 1867, she obtained judgment in the District Court of the parish of Concordia, rendering executory her judgment of the Probate Court of Mississippi, for the sum of $5,800, and decreeing in her favor a tacit mortage on all her brother's property to date and take effect from the first January, 1867.

She further complains that on the twentieth September, 1867, her brother mortgaged one-half of the Fletcher place and other property to A. F. Dunbar and John C. Baker, of New Orleans, for $12,000, in fraud of her rights, and she claims the right to have this mortgage canceled so far as the same affects her mortgage and concludes with the prayer that she have judgment against Dunbar and Baker, decreeing her tacit mortgage for $58,000 valid, and giving the same priority and precedence over that of the defendants, and decreeing the property to be sold free from all incumbrance in consequence of the latter mortgage.

The defendants prefaced their answer by a peremptory exception that the plaintiff's petition disclosed no cause of action, and prayed that the suit be dismissed, and with a *protestando* proceeded to plead to the merits. The case was tried on the merits, and the judge *a quo* gave judgment sustaining the exception, and dismissed the suit as in case of non-suit. From this judgment the plaintiff has appealed.

It is urged by plaintiff that by going to trial upon the merits the defendants waived their peremptory exception, and the judge *a quo* had no right to consider and maintain it after the trial. This view may be correct when the exception is to matters of form, but it is incorrect when applied to such an exception as the one now before us. Martin *v.* McMasters, 14 L. 422.

Nor do we think the court below erred in sustaining the exception.

Admitting the truth of all the allegations in the plaintiff's petition, we can perceive in them no cause of action. It appears that in September, 1867, when John Fletcher mortgaged one-half of the Fletcher plantation to the defendants he was the owner of at least one-half.

No fraud is charged against the defendants. It is not averred that they knew the plaintiff to be equitably entitled to five-eighths of the place instead of one-half. It is not alleged that they obtained the mortgage by evil practice, or that the sum secured by it was not a just debt, or that any dishonest preference was sought to be obtained by them, or that they are seeking to enforce their mortgage to the prejudice of her rights. It does not appear even that they claim a lien prior to that of plaintiff. Indeed, if we are to believe the allegations of the petition, her mortgage is prior to their's, dating back, as it purports to do, to January 1, 1867. We cannot see therefore any foundation for the prayer that the mortgage of the defendants be canceled so far as it affects her mortgage.

For similar reasons there is no foundation for the prayer that the plaintiff's mortgage be declared prior to that of the defendants'. It is not necessary to decide whether, under the allegations of the petition, it is really prior or not. It is enough to say that if by the effect of the judgment of November 30, 1867, it be prior, there is no necessity for the relief invoked; if it be not prior as matter of fact and law, there are no allegations in the petition which, if taken for true, would justify a court in now adjudging a preference.

In brief, we have sought diligently in this case, to discover a cause of action, but without success. When the mortgages are sought to be enforced a proper occasion will arise to settle preferences and distribute proceeds.

It is ordered and adjudged that the judgment appealed from be affirmed with costs.