No. · 2489.—SOPHIA PETERS, Administratrix and Tutrix *v.* GEORGE
SPITZFADEN et al.

A judgment declaring a sale of property under execution a nullity, is not *res judicata* as to the purchaser who was not a party to the suit. The purchaser is therefore legally entitled to the rents of such property until his title is declared null and void by judicial proceedings to which he is a party.

APPEAL from the Seventh District Court, parish of Orleans. *Collens,* J. *Hyman, Wallace & Handlin,* for plaintiff and appellant. *Henry C. Miller,* for defendants and appellees.

LUDELING, C. J. The plaintiff sues Spitzfaden and the sheriff, Bienvenue, and his sureties for the rents of certain property, possessed and occupied by Spitzfaden from 1865 to 1869, alleging that the property belongs to the succession of A. Peters and her minor children.

From the record, it appears, that on the twenty-eighth day of October, 1865, George Spitzfaden bought at sheriff's sale made under an execution against Sophia Peters, the right, title and interest of Sophia Peters in and to a certain lot, situated at the corner of Eighth and Annunciation streets, in the city of New Orleans. That, on the twentieth of June, 1869, this sale was decreed to be a nullity, in a suit between Sophia Peters, tutrix, *v.* Catherine Frelinghouse, Peter Bunger, and the sheriff.

It is admitted in evidence that the lot in question had been acquired by A. Peters, the husband of Sophia Peters, during the existence of the community, and that A. Peters died in 1861.

From these facts we deduce the following conclusions: that the judgment rendered in the suit between Sophia Peters, tutrix, *v.* Catherine Frelinghouse, Peter Bunger, and the sheriff, is not *res judicata* as to George Spitzfaden, the purchaser of the property, who was not a party to that suit, and that George Spitzfaden had the right to collect the half of the rents of the property until his title to the undivided half interest in and to said property shall have been declared null, in a contest in which he is a party. There is no evidence in this record to authorize us to declare the nullity of his title, nor is the nullity prayed for in this suit. Spitzfaden bought the interest of the widow in community in and to certain community property under an execution issued on a judgment against her.

There is nothing in the record before us to show that there was any other community property, or any community debts.

It is therefore ordered and adjudged, that the judgment of the district court be set aside, and that there be judgment against the plaintiff as in case of nonsuit, with costs in both courts.

Rehearing refused.