Statement of the Case.
MONROE, J.
Plaintiff corporation brought this action in July, 1902, alleging that it had acquired two improved lots of ground in New Orleans by notarial act registered March 10, 1898, from Nicolas D., Edith Marie, Stanley Albert, Lillian, Herbert, Joseph, Clarence J., Ophelia Marie, and Edna Louise Harvey; that the defendant corporation claims said lots under an act of sale from the state tax collector of date September 22, 1899, purporting to convey them to it in consideration of the payment of the state tax of 1898, but that said act and the proceedings leading thereto are void for this, to wit: that the lots owned by plaintiff bear the numbers 3 and 4, whereas the lots purporting to have been sold to defendant are described as lots 14 and 15; that the lots owned by plaintiff were owned, up to March 9, 1898, in indivisión, by the Harvey heirs, from whom plaintiff acquired, and whose names are given above, whereas said lots 14 and 15 were assessed for the year 1898 in the name of “Clarence Harvey et als.”; that it is not true, as recited in the act under which defendant claims, “that the printed notice that the state taxes were then due and must be paid * * * was served * * * upon Clarence J. Harvey et als., or upon the delinquent taxpayer, or that any mortgage creditor * * * was duly and legally notified of said proceeding,” but that “the only notice pretended to have been served in that proceeding was a notice which the deputy state tax collector certified was delivered to R. McWilliams at 342 Camp street, and the same was addressed to Clarence Harvey et als.”
Plaintiff accordingly prays for judgment, decreeing the assessment, adjudication, and conveyance relied on by the defendant to be void, and further decreeing jt (the plaintiff) to be the owner of the lots described in the petition.
The defendant filed exceptions of “no cause of action” and res judicata, and in support of the latter offered the record, opinion, and decree in the matter of Edith Harvey et al. v. Gulf States Land & Improvement Co. (No. 14,167) 108 La. 550, 32 South. 475, as also a brief filed therein. This evidence was objected to as being res inter alios acta and irrelevant, and to the ruling of the court that the objection went to the effect, a bill of exception was reserved. The defendant further offered certain letters addressed by Mr. H. H. Hall and by the plaintiff to D. Negrotto, Jr., general manager of the defendant company, to which objection was made, with like result.
The suit of Edith Harvey et al. v. Gulf States Land & Improvement Company was an action brought March 27, 1901, in which Edith, Stanley, Clarence J., the minors Herbert and Lillian through their tutor, and Ophelia Harvey, wife of Paul St. Pierre, alleged that they were holders and owners of certain notes secured by mortgage on the property here in dispute, and, in the capacity of mortgagees, upon various grounds attacked the title thereto asserted by the defendant.
By judgment of this court the suit was dismissed, and, the plaintiffs therein having applied for a rehearing, Mr. H. H. Hall, who now represents, and was probably then advising, the vendee of the property, appearing, however, only as an amicus curiae, filed a brief in support of that application.
Before the litigation thus mentioned was begun, and whilst it was pending, there was some correspondence between the plaintiff herein and its counsel upon the one side and the defendant upon the other, apparently with a view to a compromise of the claim which the latter was1 asserting, but nothing *197 came of it. Upon the other hand, it does not appear that those of the plaintiff's vendors who began that litigation informed the plaintiff of their intention so to do, or that the plaintiff was in any manner connected therewith, unless it can be said that it became so connected by reason of the appearance in this court as amicus curiae, and for the purpose above stated, of the counsel who was at the same time its legal adviser.
Opinion.
It is clear that the judgment relied on does not sustain the plea of res judicata. If the Harvey heirs had owned the property when that judgment was rendered, and the plaintiff had afterwards acquired it from them, the case would be different; “but, the Harvey heirs having sold the property to the plaintiff, the proposition that the latter is concluded, as to its title, by a judgment rendered in a subsequent litigation between its vendors and a third person, and predicated upon a tax sale made after its acquisition of such property, is wholly untenable, as is also the proposition that it became a party to the litigation by reason of the fact that a member of the bar, who was then its legal adviser, appeared therein as amicus curise. Civ. Code, art. 2286; Peters v. Spitzfaden, 24 La. Ann. 111; White v. Gaines, 29 La. Ann. 772; Logan v. Hebert, 30 La. Ann. 727. “To sustain the plea of res adjudicata, there must be an identity of parties, of capacity, of object, and of cause of action.” State ex rel. Collins v. Jumel, Auditor, 30 La. Ann. 863. “The exception of the thing adjudged is stricti juris, and, if there should be any doubt as to the identity of the things claimed or of the persons claiming them, it cannot be maintained.” West v. Creditors, 3 La. Ann. 529, cited with approval in State v. Sugar Refining Co., 108 La. 605, 32 South. 965.
It is suggested by counsel for defendant that, should this court reach the conclusion that the judge a quo erred in maintaining the plea of res judicata, it will be unnecessary to remand the ease in order that he may pass upon the exception of no cause of action. The exception referred to is of that class which may be pleaded in every stage of the action previous to the definitive judgment, and may be considered originally by this court, if determinable on the face of the record, and if the opposing litigant does not insist upon the remanding of the case. Code Prac. arts. 345, 346, 902. Beyond this it is not waived by going to trial on the merits. Fletcher v. Dunbar, 21 La. Ann. 151. The appellee is therefore in no worse position than if it had filed the exception for the first time in this court, and, whilst the appellant might perhaps require that the case be remanded in order that the exception should be passed on by the judge a quo, it does not so require. The exception will therefore be considered.
In refusing the rehearing in the case of Edith Harvey et al. v. Gulf States Land & Improvement Co., 108 La. 552, 32 South. 476, it was said:
“This court did not fail to observe that among the grounds of nullity alleged in the petition was the one that the property had not been assessed in the name of the owners; but the counsel for plaintiffs not having offered the assessment roll or an extract thereof, or any other evidence to show how the property was assessed, and not having complained of the finding of the learned judge a quo to the effect that the property” was correctly assessed in their (the owners’) “names,” and not having pressed this ground of nullity in argument or in brief—having, in fact, expressly admitted that “the evidence shows that the plaintiffs had at one time been the owners of the property, which was correctly assessed in their names in 1898,” the year for the taxes of which it was sold—it was considered that this ground had been abandoned.
The plaintiff now before the court relies in part upon the allegation that the property in question belonged in indivisión to eight persons, majors and minors, of whom Clarence. J. Harvey was one, and that it was assessed for the tax for which it is said to have been sold in the name of “Clarence Harvey et als.” Assuming, as we must for present purposes, these allegations to be true, the assessment was certainly bad as to all the owners save the one named, and possibly so as to him; from which it follows that the exception of no cause of action must be overruled, and the case remanded to be tried on its merits. Under these circumstances, and because cases of this character are frequently distinguished from each other by the facts *199 disclosed, we deem it advisable to leave the other issues presented by the pleadings for future consideration in the event of a second appeal.
It is therefore ordered, adjudged, and decreed that the judgment appealed from, maintaining the plea of res judicata, be annulled, avoided, and reversed, that the exception of no cause of action be overruled, and that this cause be remanded to the district court to be proceeded with according to law; the defendant and appellee to pay the costs of the appeal, and the costs of the district court to await the final judgment.