No. 2762

Second Circuit

HODGES v. KRANZ ET AL.

(March 12, 1929. Opinion and Decree.)

Herndon and Herndon, of Shreveport, attorneys for plaintiff, appellant.

Harry V. Booth, of Shreveport, attorney for defendants, appellees.

ODOM, J. On September 25, 1922, F. R. Hodges purchased at tax sale the entire interest in the NW¼ of NW¼ of Section 1, Township 14, Range 16 West, in the Parish of Caddo, said property having been assessed to and sold in the name of M. F. Smith and Oscar Kranz for the due and unpaid taxes of 1921. After the lapse of one year from the date of recording his tax deed, Hodges brought this suit to quiet his title, following the method prescribed by Act 101 of 1898, page 127. M. F. Smith made no appearance, but Oscar Kranz, the other defendant, answered, setting up that the tax sale as to him was null and void for the reason that he had had no notice of delinquency prior to the sale.

There was judgment in the lower court in favor of defendant, Kranz, annulling and setting aside the tax sale insofar as his interest was concerned. Plaintiff has appealed.

### OPINION

The case was submitted and tried on an agreed statement of facts showing that M. F. Smith and J. J. Hollingsworth purchased the 40 acres of land in controversy at tax sale on May 27, 1905; that on October 31, 1919, J. J. Hollingsworth, ignoring the interest of his co-owner, Smith, sold the entire interest in the land to Oscar Kranz whose deed was promptly recorded and he at once took possession of and moved on the land, and that he was in physical possession thereof at the time of the tax sale and when this suit was brought; that at the time he purchased from Hollingsworth, he was ignorant of the fact that Smith owned an interest in the land and had no such knowledge at the time of the assessment and sale.

As to the notice of delinquency, it is admitted that Kranz received none from the Tax Collector and that he had no notice otherwise of delinquency, but that prior to the sale, the Tax Collector made out one notice of delinquency addressed to "M. F. Smith and Oscar Kranz, Shreveport, La."; which notice was sent by registered mail to "M. F. Smith and Oscar Kranz, Shreveport, La.", and that the envelope containing the notice was received by M. F. Smith, who signed the return card.

It is further admitted that Oscar Kranz had never at any time resided in the city of Shreveport and had never received mail at that post office.

Plaintiff contends that the law with reference to notice of delinquency was, as to Kranz, fully complied with. We cannot so hold.

That legal notice of delinquency is a pre-requisite to the validity of tax sales in this State is settled beyond question.

The only question here presented is whether the tax debtor, Kranz, had such notice of delinquency as the law prescribed. It is admitted that he did not receive notice of delinquency. But that is

not necessary, for it has been repeatedly held that a tax sale may be valid even though the tax debtor did not receive notice, provided the Tax Collector previous to the sale complied with the legal requirements for giving such notice. "But the rulings of the court have been consistent in this, that a sale of property for delinquent taxes is invalid if the Tax Collector has failed to comply with the requirements of the law for giving notice to the tax debtor, and if in consequence, the tax debtor did not have notice previous to the sale." Adsit vs. Park et al., 144 La. 934, 81 So. 430.

Section 50, Act 170 of 1898, provides that the Tax Collector "shall address to each taxpayer who has not paid all taxes which have been assessed to him on immovable property, a written or printed notice * * * that his taxes on immovable property must be paid"; and Section 51 of the same Act provides that "in the country Parishes this notice shall be sent by registered mail." This notice must be sent to the tax debtor at his place of residence.

The law is clear that each tax debtor is entitled to notice. Kranz was a tax debtor. He was the record owner of an undivided one-half interest in the land sold, and was entitled to notice of delinquency. Instead of the Tax Collector mailing notice to him, he mailed one notice to "M. F. Smith and Oscar Kranz, Shreveport, La."

It could not be contemplated that the notice so addressed would be received from the post office by both Smith and Kranz. As might have been expected, one of them, Smith, did receive it and he signed the return card—not as agent or the representative of Kranz, but individually. When the Tax Collector received the card, he had notice that it had been received by Smith and not by Kranz. He took no further steps to notify Kranz, but sold his property as if he had been notified. It is not contended or suggested that the Tax Collector could not have ascertained the address of Kranz upon inquiry. He knew, or should have known, that Kranz was a resident of the Parish of Caddo, for he was not assessed as a nonresident.

In the case of Hoyle vs. Southern Athletic Club, 48 La. Ann. 879, 19 So. 937, the Court held "that the Constitution, in requiring that notice should be given to the taxpayer, evidently contemplated that reasonably diligent steps should be taken to make the notice effectual. It has always been recognized that a strict observance of the formalities called for by the law is exacted in matters of tax sales— a stricter observance, in fact, than in almost any forced proceeding under and through which ownership of property is made to shift."

In McCrory vs. Bradford, 130 La. 212, 57 So. 892, notice of delinquency was mailed to McCrory at Burnside, where he had resided, but he had moved to Hobard, and the postmaster returned the letter with the notation "moved to Hobard," but the Tax Collector made no further efforts to serve the notice and sold his property. It was held that when informed that the notice had not been delivered to the tax debtor, the Tax Collector should have used more diligence to make the notice effective.

So in the case at bar, when the Tax Collector received the return card and saw that the notice which he had sent out had been received by Smith only, he should have taken further steps to see that Kranz also was notified.

He had no right to assume that Smith would deliver the notice to Kranz or look him up and tell him of the receipt of it.

There was no privity of interest between Smith and Kranz. Each owned an undivided one-half interest in the land. But that was a separate ownership, as much so as if Smith had owned one forty acres of land and Kranz the forty acres adjoining. There were two separate interests, two tax debtors—each was entitled to notice.

But it is contended by counsel for plaintiff that, inasmuch as the land stood on the assessment rolls in the name of M. F. Smith and Oscar Kranz, one notice made out to both and served on Smith was sufficient. But such contention is in the very teeth of the law which provides that each tax debtor shall be notified. It would hardly be contended that in a case where A, B and C each owned, under separate deed, three sub-divisions of land and for some reason, or for none, the Assessor placed all their assessments under one head to "A, B and C," one notice addressed to A, B and C and served on A alone would be sufficient notice to B and C.

In this case, Smith and Kranz owned separate interests in the same land. Smith acquired his interest in 1905, and Kranz acquired his fourteen years later. There was nothing to indicate to the Tax Collector that these individuals were in any way connected or associated in the ownership of the property, and there was nothing to indicate that there was any privity of interest between them. But, on the contrary, the record itself and the assessment conveyed to him the information that there were two separate estates.

If it be conceded that in cases where real estate is owned jointly by two or more individuals, it is proper to assess the entire interest under one head, in the name of all the owners, giving the names in full, it by no means follows that a notice of delinquency served on one of the joint owners is sufficient notice to each of the others.

In the case of Adsit vs. Park, supra, it was held that "under Act 170 of 1898, Sections 50 and 51, requiring Tax Collector to address to each delinquent taxpayer a written or printed notice, which in country parishes shall be sent by registered mail to residence or place of business of each delinquent tax debtor, the addressing of a notice of delinquency to one of several joint owners, 'et al,' or to 'Park Wilcox, et al,' is not a compliance with the law as to the other joint owners."

Where property is owned in indivision by several and assessed to them under one head, giving their names, the requirements of the law that each owner shall be given notice of delinquency, are not complied with by mailing one notice to them jointly.

The judgment appealed from is affirmed, appellant to pay costs in both Courts.

REYNOLDS, J., recused.