2 So.2d 225

LE BLANC et al. v. BABIN et al.

No. 35861.

March 3, 1941.

Rehearing Denied April 28, 1941.

Laycock & Moyse, of Baton Rouge, for appellants.

Blum & LeBlanc, of Donaldsonville, for appellees.

LAND, Justice.

The petitioners are the owners in the proportions of an undivided one-third interest to each in and to the following described property: An undivided one-half interest in and to the West half of Section 4 and the Southeast quarter of Section 4, Township 9, South Range 2 East, 490.95 acres, that part of Southeast one-fourth of Section 5, Township 9, South Range 2 East lying in Ascension Parish, 162.40 acres, that part of West half of Section 33, Township 8, South Range 2 East in Ascension Parish, 179.25 acres, approximately; the Southeast quarter of Section 33, Township 8, South Range 2 East, 102.78 acres in the Southeast, East of River, Parish of Ascension, containing 995.38 acres, more or less, according to the official plat of the survey of said land in the State Land Office, being the property acquired by vendor of the Board of Commissioners for the Pontchartrain Levee District by Patent No. L-103, March 29, 1926.

Petitioners acquired the entire property by purchase from one Joe Gottlieb on April 13, 1926, by authentic act of sale passed before S. J. Gottlieb, a notary public in and for the Parish of East Baton Rouge, State of Louisiana, duly recorded on April 24, 1926, in Conveyance Book 65, Folio 494, of the records of the Clerk's Office of the Parish of Ascension.

Subsequently, petitioners sold a one-half interest therein to the late Saul J. Gottlieb, and likewise disposed of the timber thereon with the right of removal for a definite period, but petitioners have, at all times since April 13, 1926, been the owners of the undivided one-half interest in said property above described.

The defendants, Benton P. Babin, Andrew J. Babin, and Wickliffe M. Babin, claim to have acquired the property of petitioners on the 28th day of October, 1933, at a tax sale made in the matter of "State of Louisiana against Delinquent Tax Debtors" for the taxes due to the State of Louisiana and the Parish of Ascension, for the year, 1932, assessed according to the advertisement and tax deed, in the name of "Burton, Le Blanc, et als.," the deed under which defendants claim having been recorded on November 22, 1933, in Conveyance Book 73, Folio 75, of the records of the Parish of Ascension.

(1) Petitioners attack the tax sale as null and void, each ground for nullity being pleaded alternatively, in the following order in which they are set forth:

(a) That said property for the year 1932 was assessed in the name of "LeBlanc, Burton, et als., St. Gabriel, La.," and that said assessment was consequently illegal, null and void, because your petitioners' deed to said property was filed and recorded legally and properly in the Conveyance Records of the Parish of Ascension on April 24, 1926, and because your petitioners were the record owners at all times thereafter of the said property, and the assessor of Ascension Parish was required to assess the property to them in their proper names.

(b) That the assessment was illegal, null and void in that said property was erroneously and improperly described as follows:

No. of Acres
497.69

163.65 Acs. W ½ of Sec. 4–9–2
81.82 Acs. SE ¼, Sec. 4–9–2
81.20 Acs. SE ¼, Sec. 5–9–2
11.39 Acs. SE ¼, Sec. 33–8–2
89.63 Acs. Frc. W ½ Sec. 33–8–2

(c) That the said attempted sale was further null and void in that, in violation of the provisions of Act No. 170 of the Legislature of Louisiana of 1898, and particularly Sections 50 and 51 thereof as amended, no demand for the payment of taxes, no notice of the delinquency of the taxes, and no notice of the intended tax sale were ever served upon your petitioners or either of them, or addressed to your petitioners or either of them, or forwarded to your petitioners or either of them, or received by your petitioners or either of them, although your petitioners were the owners of the said property at all times during the years 1932 and 1933 and were taxpayers entitled to notice.

Plaintiffs have also set out other grounds of nullity of the tax sale, which we do not deem it necessary to discuss.

(2) The trial judge held that the assessment was legal and valid, and that a notice of the delinquency of the taxes and of the intended tax sale, forwarded by registered mail by the sheriff of the Parish of Ascension, addressed to "J. Burton LeBlanc et als., St. Gabriel, La.," and receipted for by one "John Richard, agent," was a legal and valid notice. Petitioners contend that John Richard was not the agent or representative of either of the petitioners, nor was he authorized in any way to act for petitioners and, if the said notice was actually sent, then it was illegal, null and void and of no effect.

(3) Judgment was rendered in this case dismissing the suit of petitioners, confirming the title of defendants and recognizing defendants as the sole owners of the property in dispute, *which is described in the judgment as "An undivided one-half interest in and to:* The West half of Section 4 and the Southeast quarter of Section 4, Township 9, South Range 2 East, 490.95 acres, that part of the Southeast one-fourth Section 5, Township 9, South Range 2 East lying in Ascension Parish, 162.40 acres, that part of West half Section 33, Township 8, South Range 2 East in Ascension Parish, 179.25 acres, approximately; the Southeast quarter of Section 33, Township 8, South Range 2 East, 162.78 acres, in the Southeast, East of River, Parish of Ascension, containing 995.38 acres, more or less, according to the official plat of the survey of said land in the State Land Office." Tr. p. 84. (Italics ours.)

From this judgment petitioners have appealed.

(4) The assessment of this property as it appears on the 1932 assessment roll for the Parish of Ascension, on page 214, assessment number 4132, is as follows:

"Le Blanc, Burton, *et als.,* St. Gabriel, La. *"497.69 acres—*

163.65 Acs. W ½ of Sec. 4-9-2
81.82 Acs. SE ¼, Sec. 4-9-2
81.20 Acs. SE ¼, Sec. 5-9-2
11.39 Acs. SE ¼, Sec. 33-8-2
89.63 Acs. Frc. W ½ Sec. 33-8-2"

See copy of Assessment, Tr. p. 61. (Italics ours.)

This property was sold to defendants at tax sale, for delinquent state and parish taxes of 1932, on October 28, 1933, under the same description.

In the present case the assessor has assessed the whole of each such subdivision, and has followed it up with one-half of the acreage, except in the assessment of the Southeast ¼ of Section 33-8-2 "at 11.39 acres," when this particular quarter of the section contains "162.78 acres" as shown in deed of the entire property purchased by plaintiffs from Joe Gottlieb on April 13, 1926, by authentic act of sale, duly recorded April 24, 1926, in Conveyance Book 65, Folio 494 of the records of the Clerk's Office of the Parish of Ascension. Besides, the assessment is not made in the name of "Burton LeBlanc, et als." but in the name of "LeBlanc, Burton, et als."

The courts have said repeatedly that the assessment should be of such a nature as to permit the sheriff to place the tax purchaser in possession of the property adjudicated to him. The assessment must reasonably identify the property. To assess a taxpayer with the whole of several tracts when, as a matter of fact, he is the owner of only one-half interest therein, and then to describe these tracts as containing a given number of acres, which acreage in four instances is only one-half of the actual acreage and in the other instance only about one-fifteenth of the actual acreage, is certainly not to give a description which reasonably identifies the property. Sec. 10 of Act No. 170 of 1898 and Sec. 1 of Act No. 140 of 1890.

(5) The property must be assessed in the name of the record owner. Sec. 10 of Act 170 of 1898. In this case, the record owners are J. Burton LeBlanc, Jesse Ernest LeBlanc and William Hardee LeBlanc. It is conceded that the only assessment was in the name of "LeBlanc, Burton, et als."

In the case of McWilliams v. Gulf States Land & Improvement Co., 111 La. 194, at pages 198 and 199, 35 So. 514, at page 516, the court said: "The plaintiff now before the court relies in part upon the allegation that the property in question belonged in indivision to eight persons, majors and minors, of whom Clarence J. Harvey was one, and that it was assessed for the tax for which it is said to have been sold in the name of 'Clarence Harvey et als.' Assuming, as we must for present purposes, these allegations to be true, the assessment was certainly bad as to all the owners save the one named, and possibly so as to him; from which it follows that the exception of no cause of action must be overruled, and the case remanded to be tried on its merits. Under these circumstances, and because cases of this character are frequently distinguished from each other by the facts disclosed, we deem it advisable to leave the other issues presented by the pleadings for future consideration in the event of a second appeal."

In the case of Adsit v. Park, 144 La. 934, at pages 942 and 943, 81 So. 430, at page 433, it is said by the court: "The case of R. McWilliams v. Gulf States Land & Improvement Co., 111 La. 194, 35 So. 514, was a suit to annul a tax sale because the property belonging jointly to eight persons, of whom Clarence J. Harvey was one, was sold under an assessment in the name [of] 'Clarence Harvey et al.' The suit was dismissed on an exception of no cause of action, and the judgment was reversed on appeal. The ruling, as stated in the syllabus, was:

"'The allegation that property belonging to eight persons in indivision has been assessed in the name of one of them with the suffix "et al." is sufficient to disclose a cause of action in a suit brought by the vendee of such persons to annul a sale for taxes predicated on such assessment, at least as to the interest acquired from the parties not named.'

"*Making an assessment, and addressing a notice of delinquency, in the owner's surname only, without even an initial,* is not a compliance with the requirement to assess the property and address the notice in

the name of the owner. Hence, making an assessment and addressing the notice in the name 'Park, Wilcox *et al.*' is not a compliance with the law, as to any of the four co-owners of the property assessed." (Italics ours.)

In the certified copy of the tax sale from the LeBlancs to the Babins, the sheriff and tax collector of Ascension Parish states that he "made out and mailed to Burton LeBlanc *et als.* by registered letter," a notice that the taxes on the property for 1932 had become delinquent and also notice of advertisement for sale.

▮ Under the direct authority of Adsit v. Park, 144 La. 934, 81 So. 430, this notice was illegal, null and void as far as the co-owners, Jesse Ernest LeBlanc and William Hardee LeBlanc are concerned, as their names do not appear, in the notice as required by law. As stated in Syllabus 4 of Adsit v. Park, supra, 144 La. at page 935, 81 So. at page 430: "Under Act 170 of 1898, §§ 50, 51, requiring tax collector to address to each delinquent taxpayer a written or printed notice which in country parishes shall be sent by registered mail to residence or place of business of each delinquent tax debtor, the addressing of a notice of delinquency to one of several joint owners '*et al.*,' or to 'Park, Wilcox *et al.*,' is not a compliance with the law *as to other joint owners.*" (Italics ours.)

▮ John L. Richard, assistant postmaster in the village of St. Gabriel, and also store manager and bookkeeper, was very far from being the agent of J. Burton LeBlanc and Brother, or of Jesse LeBlanc, or of William Hardee LeBlanc, who was not a member of the firm, in so far as the property involved in this case is concerned.

This fact is clearly shown by the following testimony of Mr. Richard himself.

"Q. In your capacity as manager for J. Burton LeBlanc and Brother, do you know whether or not you customarily pay taxes on property owned in Ascension Parish by Mr. J. Burton LeBlanc, by Mr. William Hardee LeBlanc and by Jesse LeBlanc? A. I do not attend to that as Mr. LeBlanc himself does.

"Q. Did you in the past, say in the year 1932, or 1931, or 1933 or 1934, personally see that the taxes were paid on the property owned in Ascension Parish by Mr. Burton LeBlanc or Mr. Hardee LeBlanc or Mr. Jesse LeBlanc? A. Mr. LeBlanc attends to that himself, I had nothing to do with that.

"Q. Do you know, Mr. Richard, whether or not you called to the attention of Mr. J. Burton LeBlanc or Mr. Jesse LeBlanc or Mr. Hardee LeBlanc, during the years 1930, 1931, 1932, 1933 or 1934 that it was necessary for them to pay taxes on the property that the gentlemen owned in the Parish of Ascension, Louisiana, in your capacity as manager of J. Burton LeBlanc and Brother? A. No, sir." Tr. pp. 35 and 36.

In fact, Mr. Richard testified that he did not know what the registered package contained, and does not remember to whom he gave it. Tr. p. 35. Therefore, the mere fact that Mr. Richard signed the return receipt as agent for "J. Burton LeBlanc *et als.*" is unimportant under the facts of the

case, as he was not their agent in any respect as to the property of plaintiffs.

■ The tax sale is a nullity as to the interest in the property of Jesse LeBlanc and W. Hardee LeBlanc, as their names do not appear on the registered tax notice. Richard does not remember to whom the notice was delivered, and J. Burton LeBlanc does not remember receiving the notice. Defendants have failed to prove with legal certainty that the notice was actually delivered to J. Burton LeBlanc. In the absence of such proof, the tax sale must also be annulled as to him.

(6) The trial judge sustained a plea of estoppel, or rather a state of facts alleged in defendants' answer which he deemed to be equivalent to a plea of estoppel. The court even went so far as to say: "Insofar as the record shows, ever since the acquisition by the plaintiff, the property had never been assessed in any other name, except, perhaps, for placing the letter 'j' before Burton LeBlanc's name, which is insignificant."

The record shows only that an assessment of this type was made in 1929, 1930, 1931 and 1932. The plaintiffs have been the record owners of the property in question since 1926. Defendants utterly failed to prove how the property was assessed between 1926 and 1929. Nor is there any evidence in the record to show that plaintiffs, or either of them, returned for any year to the assessor of Ascension Parish this property assessed by sections and parts of sections, as it appears on the assessment roll for 1932. This assessment was the purely voluntary and unauthorized act of the assessor himself.

■ A property owner may be estopped from annulling an assessment, prior to a tax sale, where he has previously allowed the assessment to appear consistently in an improper name, *to his knowledge,* as set forth in the review of the jurisprudence in the case of Adsit v. Park, 144 La. 934, 81 So. 430, but Chief Justice O'Niell pointed out specifically that such an acquiescence would not have rendered valid a tax sale *without notice* to the actual owner of the property. Counsel for defendants cited this specific holding by the court in their brief in the trial court, as follows (144 La. at pages 945, 946, 81 So. at page 434): "The case of J. M. Guffey Petroleum Co. v. Murrel, Tax Collector, 127 La. 466, 53 So. 705, was a proceeding by rule to annul an assessment and to prevent by injunction the tax collector's selling the plaintiff's property for taxes. One of the complaints was that the assessment was not in the name of the plaintiff corporation, the owner of the property. The error in the assessment consisted in calling the tax debtor the Guffey Oil Company. The ruling was that, as the assessment had been made in that name for several years, *to the knowledge of the plaintiff and without complaint, and as the plaintiff* had 'doubtless paid other taxes in that name,' there was no equity or merit in the demand for an injunction or to have the assessment annulled. According to the doctrine stated in Hood v. City of New Orleans, supra [49 La.Ann. 1461, 22 So. 401], *the ruling would have been otherwise if the property had been sold for taxes assessed in the name of the Guffey Oil Com-*

*pany, without notice to the J. M. Guffey Petroleum Company."* (Italics ours.)

Chief Justice Marshall, in the case of Thatcher v. Powell, 6 Wheat. 119, 125, 5 L.Ed. 221, pointed out that the public officer who seeks to transfer the property of a taxpayer to another "must pursue with precision the course prescribed by law, or his act is invalid," and this court, through Justice Fenner, in the case of Stafford, Executor, v. Twitchell, 33 La.Ann. 520, not only quoted the views of the eminent Chief Justice, above repeated, but emphasized that the power vested in the tax collector to sell property is a "naked, special and statutory authority, created by and dependent wholly upon the statute, and subject absolutely to the conditions and limitations imposed by the statute. *The power is purely arbitrary. The conditions and limitations placed upon its exercise, are imposed for the protection of adverse interests and as safeguards against abuse.* Neither the tax collector nor the courts are allowed to disregard the rules prescribed by the statute, and to sell, or maintain sales, for taxes, made in a manner different from that prescribed by law." 33 La.Ann. at page 528. (Italics ours.)

■ It is too plain for argument, under the cases above cited, that the purchaser at a tax sale for delinquent taxes is debarred from invoking the equitable doctrine of estoppel against illegal assessments, and against failure to give proper notice of delinquency of taxes to the tax debtor, the grounds upon which petitioners have attacked the adjudication of the property in question to defendants.

■ (7) In a suit to set aside a tax sale, tender in advance of the filing of suit is unnecessary, and failure to tender does not shift the costs. This is true because Section 11 of Article X of the Constitution of 1921, as amended in 1932, see Act No. 147 of 1932, provides that: "No judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser."

The amount of taxes due the defendants in the event the tax sale is declared illegal is stated in the brief of defendants at page 55 to be as follows:

| "Year | Amount | Date Paid |
| --- | --- | --- |
| 1932 | $40.20 (tax sale) | October 28, 1933 |
| 1933 | 35.04 | November 9, 1934 |
| 1934 | 31.79 | April 12, 1935 |

"For the above years, the assessment was carried in the name of the plaintiffs and the interest is therefore due on the total amount. However, for the years that follow, the taxes were paid on the property as a whole, and consequently the interest is due on only half the amount shown below:

| "Year | Amount | Date Paid |
| --- | --- | --- |
| 1935 | $53.44 | January 4, 1936 |
| 1936 | 53.44 | March 13, 1937 |
| 1937 | 95.44 | April 18, 1938 |
| 1938 | 98.44 | December 28, 1938 |

"The interest, as stated in the Constitution, is figured from the date on which the payments are made."

In order to clarify the situation as to the payment of taxes by the defendants, the

Babins, it is necessary to state that the case of LeBlanc v. Babin, No. 35861 on the docket of this court, and now under consideration, is a companion case to the case of Lewis Gottlieb et als., v. Benton P. Babin et als., 2 So.2d 218,[1] now on appeal to this court from the Twenty-Third Judicial District Court for the Parish of Ascension. Both of the suits were instituted to set aside a tax sale to an undivided one-half interest in the property in dispute, the LeBlancs owning one undivided half interest, and Gottlieb et als., the other undivided half interest, and both of the sales took place on the same day. In both instances, the property was purchased by the defendants and appellees, Benton P. Babin, Andrew J. Babin and Wickliffe M. Babin and, in both cases, a judgment was rendered in favor of the defendants, dismissing plaintiffs' suit and confirming and ratifying defendants' title to the property in question.

 After defendants had acquired both halves of the property, or the entire property, they paid the taxes on the whole for the years 1935, 1936, 1937 and 1938. The LeBlancs would therefore owe defendants one-half of the taxes paid for these years, and would pay interest on that amount from the dates of the respective payments of the taxes.

(8) Having concluded that the assessment and tax notice are both illegal, null and void as to all of the plaintiffs in this case, they are entitled to judgment against defendants as prayed for.

It is therefore ordered, adjudged and decreed that the judgment appealed from by plaintiffs be annulled and reversed.

It is now ordered, adjudged and decreed that there be judgment in favor of petitioners, Jules Burton LeBlanc, Jesse Ernest LeBlanc and William Hardee LeBlanc, against defendants, Benton P. Babin, Andrew J. Babin and Wickliffe M. Babin, recognizing petitioners to be owners of the following described property: An undivided one-half interest in and to the West half of Section 4, and the Southeast quarter of Section 4, Township 9, South Range 2 East, 490.95 acres, that part of Southeast one-fourth Section 5, Township 9, South Range 2 East lying in Ascension Parish, 162.40 acres, that part of West half Section 33, Township 8, South Range 2 East in Ascension Parish, 179.25 acres, approximately; the Southeast quarter of Section 33, Township 8, South Range 2 East, 162.78 acres, in the Southeast, East of River, Parish of Ascension, containing 995.38 acres, more or less, according to the official plat of survey of said land in the State Land Office, being the property acquired by vendor of the Board of Commissioners for the Pontchartrain Levee District by Patent No. L–103, March 29, 1926.

It is further ordered, adjudged and decreed that the tax sale made to defendants by the sheriff and ex-officio tax collector of the Parish of Ascension, on the 28th day of October, 1933, for delinquent state and parish taxes of the year 1932, and pur-

---

[1] 197 La. 802.

porting to adjudicate to said defendants the following described property:

163.65 Acs. W ½ of Sec. 4–9–2
81.82 Acs. SE ¼ of Sec. 4–9–2
81.20 Acs. SE ¼ of Sec. 5–9–2
11.39 Acs. SE ¼ of Sec. 33–8–2
89.63 Acs. Frc. W ½ of Sec. 33–8–2

be and the same is hereby annulled and ordered cancelled from Conveyance Book 73, Folio 75, of the Records of the Clerk's Office of the Parish of Ascension, in which said sale is registered, said annulment to be effective upon payment to the defendants of the amount found to be due them under the provisions of Section 11 of Article X of the Constitution of Louisiana of 1921, as amended in 1932, or, in the event of the refusal of defendants to accept said amount, upon the said amount being deposited for them in the registry of the Twenty-Third Judicial District Court for the Parish of Ascension.

It is further ordered, adjudged and decreed that plaintiffs, Jules Burton LeBlanc, Jesse Ernest LeBlanc and William Hardee LeBlanc pay to defendants, Benton P. Babin, Andrew J. Babin and Wickliffe M. Babin, adjudicatees at said tax sale, and as provided in Section 11 of Article X of the Constitution of Louisiana of 1921, as amended in 1932, $40.20 with 10 per cent per annum interest thereon from October 28, 1933; $35.04 with 10 per cent per annum interest thereon from November 9, 1934; $31.79 with 10 per cent per annum interest thereon from April 12, 1935; $26.-72 with 10 per cent per annum interest thereon from January 4, 1936; $26.72 with 10 per cent per annum interest thereon

from March 13, 1937; $47.72 with 10 per cent per annum interest thereon from April 18, 1938; and $49.22 with 10 per cent per annum interest thereon from December 28, 1938.

Defendants are to pay the costs of appeal and of the district court.

PONDER, J., absent.