STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1413

GABRIEL LEWIS, JR.

VERSUS

SUCCESSION OF MATTHEW JOHNSON, ET AL.

************

APPEAL FROM THE
TWENTY-SEVENTH  JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 03-C-1410-B
HONORABLE AARON FRANK McGEE, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of John D. Saunders, Oswald A. Decuir, and James T. Genovese, Judges.

DECUIR, J., DISSENTS AND ASSIGNS WRITTEN REASONS.

AFFIRMED.

Bruce A. Gaudin
100 West Bellevue Street
Opelousas, Louisiana 70570
COUNSEL FOR DEFENDANTS/APPELLANTS:
     Matthew Johnson, Jr., Saida Johnson Baker,
     Sidney B. Johnson, Allen Johnson, Charles
     Franklin, Cynthia Franklin Stewart, and
     Aaron Perry Johnson, Jr.


James P. Doherty, Jr.
Andrus & Doherty
117 North Market Street
Opelousas, Louisiana  70570
COUNSEL FOR PLAINTIFF/APPELLEE:
     Gabriel Lewis, Jr.

**GENOVESE, Judge.**

The heirs of Matthew Johnson ("Johnson") appeal the judgment quieting tax title in favor or Gabriel Lewis, Jr. ("Lewis"). For the following reasons, we affirm.

**FACTS**

On June 15, 1994, Lewis purchased at tax sale a thirteen acre tract of land described as Lot 2, located in Section 14, Township 7 South, Range 3 East, in St. Landry Parish, Louisiana. On April 2, 2003, Lewis filed a petition to quiet tax title.

The acquisitive history of the thirteen acre tract is as follows:

1.      Laura Aaron Johnson acquired the thirteen acre tract by an Act of Partition dated August 3, 1962, recorded under Act. No. 469211 in Conveyance Book H-13, page 541, records of St. Landry Parish. Said property was described as Lot 2 containing thirteen acres.

2.      Laura Aaron Johnson, widower of Ned Johnson, sold by Warranty Deed for $10.00 and OVC the thirteen acres described as Lot 2 to Matthew Johnson, Sr., Myrtle Johnson Franklin, Deola Mae Johnson James and Aaron Perry James, Sr. The sale was executed by the vendor, but not the vendees. The sale was signed by the vendor on July 19, 1977, and recorded July 25, 1977, under Act No. 611186, in Conveyance Book B-21, page 305, of the records of the St. Landry Parish Clerk of Court's Office.

The sale document dated July 19, 1977, failed to disclose or list the residence or mailing address of the vendees.

Subsequent to the 1977 sale, the property at issue was assessed in the St. Landry Parish Assessor's Office as follows:

> Johnson, Mathew [sic] et als
> c/o Deola Mae James
> 4020 Ave M
> Galveston, TX 77550

From 1977 to 1992, the property taxes were paid on this thirteen acre tract. The 1993 property taxes were not paid. As a result of the non-payment of the 1993 property taxes, a delinquent tax notice was prepared and sent to "Johnson, Mathew

1

[sic] et als c/o Deola Mae James, 4020 Avenue M, Galveston, TX 77550." The tax notice was sent certified mail, return receipt requested, but was returned "unclaimed" by the United States Postal Service despite attempts to deliver the delinquent tax notice on April 22, 1994, and May 3, 1994.

Subsequent to the return of the certified letter addressed to "Johnson, Mathew [sic] et als c/o Deola Mae James, 4020 Avenue M, Galveston, TX 77550," the Sheriff published notices of the delinquent property tax in the official St. Landry Parish newspaper on May 23, June 5, and June 14, 1994. The newspaper notice stated that the thirteen acre tract would be sold at 10:00 a.m. on Wednesday, June 15, 1994, for non-payment of the 1993 property taxes. On June 15, 1994, Lewis purchased the thirteen acre tract in dispute herein at the Sheriff's Tax Sale and a tax deed was issued to him.

It is to be noted that a second tract of land, consisting of fifteen acres, was also bought by Mr. Lewis at the June 15, 1994 tax sale. This fifteen acre tract had also been assessed in the name of "Johnson, Mathew [sic] et als c/o Deola Mae James, 4020 Avenue M, Galveston, TX 77550." In August of 1993, by cash sale, the fifteen acre tract was transferred from Rev. Matthew Johnson, Sr., Charles Franklin, Cynthia Franklin Stewart, Aaron Perry Johnson, Sr., and Deola Mae Johnson James to J. C. Guillory, Sr. The evidence indicates that after the fifteen acre tract was sold at tax sale on June 15, 1994, it was redeemed by Deola Mae James on April 11, 1996. However, there was no redemption of the thirteen acre tract.

On April 2, 2003, Lewis filed a petition to quiet title against the Succession of Matthew Johnson. By this time, all of the original four co-owners of the property in dispute herein had died. Matthew Johnson, Sr. is survived by four children: Matthew Johnson, Jr., Saida Johnson Baker, Sidney L. Johnson, and Allen B. Johnson. Myrtle

2

Johnson Franklin is survived by her children Charles Franklin and Cynthia Franklin Stewart. Aaron Perry Johnson, Sr. is survived by his son, Aaron Perry Johnson, Jr. Deola Mae Johnson James died in 2001 and left her estate to her nieces and nephews, the children of Myrtle, Matthew, and Aaron. These seven individuals, the heirs of Matthew Johnson, Sr. ("Johnson"), filed an answer to the petition to quiet tax title on May 12, 2003, alleging that the owners of the property did not receive proper notice of the tax sale in 1994, and seek a dismissal of Lewis' lawsuit. A bench trial was held on July 8, 2004. In its reasons for judgment issued on August 6, 2004, the trial court upheld the tax sale. Johnson appeals.

## ASSIGNMENT OF ERROR

Johnson's sole assignment of error is that the trial court erred in upholding the validity of the tax sale despite the fact that none of the co-owners of the property received notice.

## SUFFICIENCY OF NOTICE

In this case, the co-owners of the thirteen acre tract chose to have Deola Mae James receive the tax notice on this property at her address in Galveston, Texas. This is evidenced by the records of the St. Landry Parish Assessor's Office. She received the tax notice at her Galveston, Texas address, and paid the taxes for fifteen years, from 1977 to 1992.

There is no evidence in the record as to why the duly designated representative, Deola Mae James, did not claim the certified letter. Ms. James died prior to trial. It was, however, established at trial through her nephew's testimony that Ms. James' address was a good and valid address prior to and after the tax sale. The 1993 tax notice was simply "unclaimed." It was not undeliverable. After having the "unclaimed" tax notice returned to it, the Sheriff, in accordance with law, advertised

3

the pending tax sale in the newspaper on three occasions.

Johnson asserts that the identities and addresses of the owners of the thirteen acre tract were reasonably ascertainable in the conveyance records of St. Landry Parish had the Sheriff looked to the 1993 sale of the fifteen acre tract to J.C. Guillory. Johnson contends that all of the information needed for the Sheriff to be able to notify all of the property owners that the 1993 taxes on the thirteen acre tract had not been paid, and that the property would be sold at tax sale, were provided in the 1993 sale of the fifteen acre tract.

Finally, Johnson alleges that the Sheriff accepted payment of the delinquent taxes in April of 1996 from Deola Mae James in order to redeem the property, but mistakenly issued a Redemption Certificate for the fifteen acre tract, and not the thirteen acre tract.

Mr. Lewis contends that Louisiana Constitution Article VII, § 25(C) provides for a five-year peremptive period for Johnson to file suit to annul the tax sale. Mr. Lewis argues that Johnson's failure to file suit to annul the tax sale for approximately nine years after the filing of the tax deed bars their claim.

## LAW AND DISCUSSION

In *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706 (1983), the United States Supreme Court recognized that the sale of property for nonpayment of taxes is an action that affects a property right protected by the Due Process Clause of the Fourteenth Amendment. As a minimum constitutional precondition to such a proceeding, notice must be sent by mail or other means certain to ensure actual notice if the party's name and address are reasonably ascertainable. *Mennonite*, 462 U.S. at 800, 103 S.Ct. at 2712. Louisiana courts have followed this holding. *Murphy v. Estate of Sam*, 527 So.2d 1190 (La.App. 3 Cir. 1988).

4

In response to *Mennonite*, a rule developed in the jurisprudence that required the sheriff to take additional reasonable steps to notify the taxpayer of the delinquency where the original notice was returned as undelivered.

> Louisiana Revised Statute 47:2180 permits notice of the tax delinquency to be sent by certified mail. This court has indicated that when the sheriff sends notice to the known, correct address of the tax debtor with return receipt requested, he has made a reasonable effort, and the tax sale will not be invalidated simply because the debtor does not actually receive the notice.
>
> Nonetheless, the court has, also, instructed that while it is not necessary that the property owner, actually, receive notice of the impending sale of his property, to satisfy his due process rights, he is entitled to "notice reasonably calculated, under all circumstances to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections," if his "name and address are reasonably ascertainable." In fact, this circuit dictates that in a case where notice is returned as undelivered, the sheriff must take "additional reasonable steps to notify the taxpayer of the delinquency" to satisfy this requirement, and "failure to perform this obligation renders a tax sale null and void."

*Gunter v. Moore*, 02-1126, p.8 (La.App. 3 Cir. 2/5/03), 838 So.2d 118, 124. (alteration in original) (emphasis and footnotes omitted).

In the present case, it was established through the testimony of Matthew Johnson, Jr. that the address to which the notice of taxes due was sent was to the correct address for the duly designated representative, Deola Mae James, in Galveston, Texas. However, Appellants contend that the Sheriff should have ascertained the addresses for the other co-owners of the property after receiving the returned certified as being "unclaimed" by searching the conveyance records. Regardless of the fact that the addresses of the other co-owners of the thirteen acre tract were not listed on the transfer recorded in the conveyance records of St. Landry Parish, Johnson argues that had the Sheriff performed what equates to a title search, the Sheriff would have found the addresses of the other three co-owners listed on the sale of the conveyance records of St. Landry Parish listed in the 1993 sale of the

5

fifteen (15) acre tract to J.C. Guillory. We cannot extend the scope of the Sheriff's legal requirements to that degree. To place this duty upon the Sheriff would be overly burdensome at the least. We find the owners of the thirteen acre tract relied upon Deola Mae James to receive the yearly tax notice, and pay the property taxes each year. It is the failure of Ms. James to pay the 1993 property taxes. We find no manifest error on the part of the trial court in finding that the Sheriff did make a reasonable effort to notify Deola Mae James of the property tax delinquency as required by law. When the notice was returned as "unclaimed" by Ms. James, the Sheriff went a step further and published a notice of the delinquency, along with the date and time of the tax sale. In hindsight, we can see Johnson's point of view that the addresses may have been reasonably ascertainable; however, the means which the Sheriff would be required to ascertain such is not justified. We cannot render this tax sale null and void when the record reflects the Sheriff took reasonable steps to notify the taxpayer, Ms. Deola Mae James, of the property tax delinquency. Proper legal notice was sent to Johnson's duly designated representative at the valid and duly designated address, followed by proper publication on three separate occasions. The notice was returned "unclaimed," not undeliverable. Legal notice by mail will never be received, if "unclaimed." Johnson's claim of lack of notice is directly attributable to Ms. James' failure to claim her mail. There has been compliance with the legal notice requirements in this case.

There was no manifest error, and the trial court was not clearly wrong, in finding that adequate notice had been given to Johnson thereby upholding the validity of the tax sale.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of

6

this appeal are assessed against the Appellants, Succession of Matthew Johnson, et al.

**AFFIRMED.**

GABRIEL LEWIS, JR.

VERSUS

SUCCESSION OF MATTHEW JOHNSON, ET AL.

**DECUIR, J., dissenting.**

I respectfully dissent. The majority reaches a result that is unjust, violates due process, and creates a conflict among the circuits.

## Unjust Result

As a practical matter, the import of the majority position is that the plaintiffs, co-owners of record, have no grounds to complain that thirteen acres of their land was sold for $6.92 an acre, without any effort to notify each of them individually. Ironically, a portion of that $90.00 sale is a fee collected by the Sheriff to cover the cost of the sale and the required notice. Thus, the majority opinion countenances a process wherein, without notice of the debt, delinquency, or sale, co-owners lose their property so that a buyer gets a windfall, the State collects a few dollars in taxes, and the Sheriff collects a fee. I cannot agree with such an unjust result.

## Violates Due Process

The majority recognizes that *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), requires "as a minimum constitutional precondition to such a proceeding, notice must be sent by mail or other means certain to ensure actual notice if the party's name and address are reasonably ascertainable." *Mennonite*, 462 U.S. at 800, 103 S.Ct. at 2712. Then, inexplicably, the majority

concludes that requiring the Sheriff to comply with this constitutional precondition would be unduly burdensome.

The majority dismisses the issue of whether the identity and addresses of the co-owners were reasonably ascertainable and turns to a discussion of whether the Sheriff took the reasonable additional steps to notify the taxpayer after the notice was returned "unclaimed," noting that publication is the required additional step. Properly noting that courts have continued to hold that where notice is sent to an incorrect address or returned for an expired forwarding order that the sheriff must take additional reasonable steps, the majority then points out that the notice in this case is "unclaimed" and, therefore, those holdings are inapplicable. *Vincson, Inc. v. Ingram,* 01-2655 (La.App. 1 Cir. 11/8/02), 835 So.2d 813.

The majority's reasoning fails to recognize the two-part nature of the inquiry. The first step is to determine who is entitled to notice, and did they receive it, or if not, was their address and identity reasonably ascertainable? Only after notice has been attempted do you reach step two and determine whether the Sheriff took reasonable additional steps to notify the parties in question.

With regard to the first step, it is clear that owners are entitled to notice. *Mennonite* held that due process requires that mortgage holders receive notice. Nevertheless, the majority concludes that co-owners are not entitled to notice. I cannot agree with that conclusion.

Louisiana Revised Statute 47:2180 provides that notice be sent to each taxpayer, the record owner, or the actual owner if the record owner is deceased. The heirs in this case all fall into at least one of these categories.

This court recently addressed this notice requirement saying,

> Nonetheless, this court has, also, instructed that while it is not necessary that the property owner, actually, receive notice of the

2

impending sale of his property, to satisfy his due process rights, he is entitled to "notice reasonably calculated, under all circumstances to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections," if his "name and address are reasonably ascertainable."

*Gunter v. Moore,* 02-1126, p. 8 (La.App. 3 Cir. 2/5/03), 838 So.2d 118,124 (emphasis and footnotes omitted).

In this case, plaintiffs did not receive notice of delinquency, or the pending tax sale, as required by La.R.S. 47:2180, because no attempt was made to notify them or to ascertain their addresses. The majority finds that requiring the sheriff to attempt to ascertain the addresses of the co-owners would be unduly burdensome because it would require a title search. This overstates the burden on the sheriff. In this case, a simple search of the conveyance records would have yielded the addresses in a minimal amount of time. The majority also suggests that the co-owners have no basis for complaint because notice was sent to the duly registered designated recipient – the implication being that because the original transfer contained only names and not addresses for each co-owner, they should have provided addresses so that they would receive notice. Unfortunately, providing these addresses would have been a futile act, given that the Chief Deputy Assessor for St. Landry Parish testified that where there are multiple owners the assessor will send notice to only one address even if the co-owners specifically request notice at their own addresses. The Sheriff, in turn, only sends notice to the address provided by the assessor. This despite longstanding jurisprudence holding that the language now included in Article 7, sec. 25, Const.1974,

> . . . authorizing the tax collector to advertise property for sale for unpaid taxes only after "giving notice to the delinquent in the manner provided by law," **contemplates that where property is assessed in the names of joint owners or co-owners, each one of them is entitled to be served with the notice of delinquency.** *LeBlanc v. Babin*, 197 La. 825, 2 So.2d 225; *Adsit v. Park*, 144 La. 934, 81 So. 430; *Splane v. Tubre,*

3

La.App., 6 So.2d 361, *rehearing denied* La.App., 6 So.2d 698; *Hodges v. Kranz,* 10 La.App. 227, 120 So. 677.

(Emphasis added.) *Robertson v. Polmer,* 112 So.2d 735, 738 (La.App. Orleans 1959).

Likewise, the assessment of the property in the name of Johnson, Matthew et als has been held to be insufficient. In *Prampin v. Southern Chemical Works,* 53 So.2d 210, 215(La.App. Orleans 1951) the court said:

> We are also of the opinion that this title is a nullity for the reason that the original assessment under which lots 1 and 2 of Square 4837 were sold to the State for 1932 taxes was in the name of Albert Prampin, at al., whereas the public records, at that time, reflected that the property was owned in the name of Albert Prampin and his four brothers (three of whom are now deceased) none of whom, other than Albert Prampin are mentioned in the assessment; and for the further reason that 'notification' preceding the tax sale was served on Albert Prampin alone and was, a fortiorari, ineffective as against his brothers, the other four co-owners in indivision.
>
> * * * a notice to one of several joint owners "et al." is not a compliance with the law, as to the other joint owners. *Adsit v. Park*, 144 La. 934, 81 So. 430, 432.
>
> Service of notice of tax sale on the owners of record is what is required. *Spears v. Spears*, 173 La. 294, 136 So. 614.
>
> Notice to several joint owners under the notification to one of four Et als is insufficient. In *LeBlanc v. Babin,* 197 La. 825, 2 So.2d 225, 228, the court said:
>
> The property must be assessed in the name of the record owner. Sec. 10 of Act 170 of 1898 [La.R.S. 47:1964]. In this case, the record owners are J. Burton LeBlanc, Jesse Ernest LeBlanc and William Hardee LeBlanc. It is conceded that the only assessment was in the name of "LeBlanc, Burton, et als."
>
> . . . .
>
> Under the direct authority of *Adsit v. Park,* 144 La. 934, 81 So. 430, this notice was illegal, null and void as far as the co-owners, Jesse Ernest LeBlanc and William Hardee LeBlanc are concerned, as their names do not appear in the notice as required by law. As stated in Syllabus 4 of *Adsit v. Park, supra,* 144 La. at page 935, 81 So. at page 430: "Under Act 170 of 1898, §§ 50, 51, requiring tax collector to address to each delinquent taxpayer a written or printed notice which in country parishes shall be sent by registered mail to residence or place of business of each delinquent tax debtor, the addressing of a notice of

4

delinquency to one of several joint owners 'et al.,' or to 'Park, Wilcox, et al.,' is not a compliance with the law as to other joint owners. . ."

The court then held that in this case three individuals were record owners of an undivided interest in land, manager of store of two of the individuals was not 'agent' of the record owners for the purpose of receiving notice of tax delinquency.

The court then said: 'The tax sale is a nullity as to the interest in the property of Jesse LeBlanc and W. Hardee LeBlanc, as their names do not appear on the registered tax notice. . .'

More recently, in *Oliver v. Zeringue*, 97-329 (La.App. 3 Cir. 10/29/97), 702 So.2d 1086, this court held that notice to a taxpayer sent in care of the mortgage holder was insufficient. *See also Future Trends, LLC v. Rabito,* 04-525 (La.App. 5 Cir. 11/16/04) (notice in name of one spouse in community was insufficient). Accordingly, I would find the notice sent to only one co-owner in this case was insufficient to meet the requirements of due process. The majority's discussion of the second step is, therefore, unnecessary.

### Conflict among the Circuits

The majority opinion appears to run contrary to established older jurisprudence and is in direct conflict with a recent opinion of the fifth circuit. In *Richard v. Richard,* 04-715 (La.App. 5 Cir. 12/14/04), the court addressed the issue of appropriate notice to co-owners and concluded that notice to one co-owner was not sufficient.

### Conclusion

I respectfully dissent believing the majority opinion to be unjust, violative of due process, and in conflict with another circuit. Accordingly, I would find the Sheriff failed to notify the heirs of the delinquency and subsequent sale and, therefore, the tax sale is null and void.

5